MARY SOUZA *vs.* CAR & GENERAL ASSURANCE CORPORATION, LTD., & another.

Bristol. October 24, 1932. — November 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & LUMMUS, JJ.

*Insurance,* Motor vehicle.

A policy of compulsory motor vehicle liability insurance, as defined in G. L. (Ter. Ed.) c. 90, § 34A, was indorsed so as to cover the automobile in question in certain territory other than the ways of this Commonwealth, including Rhode Island. The indorsement provided

that the owner of the automobile should not be insured while using it to carry passengers for a consideration. While he was so using it in Rhode Island, one receiving a free ride therein as his guest sustained personal injuries, for which he recovered judgment in this Commonwealth against the insured. In a subsequent suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), by the judgment creditor to reach and apply the obligation of the insurance company to the insured under the policy, it was *held,* that

(1) The provisions of the policy written under the compulsory motor vehicle liability insurance law did not aid the plaintiff, since his injuries were not sustained while the automobile was on a way of this Commonwealth;

(2) The owner of the automobile was not insured at the time of the accident under the indorsement, since the automobile then was being used to carry passengers for a consideration;

(3) The plaintiff's rights under the indorsement were no greater than those of the insured;

(4) The suit could not be maintained.

BILL IN EQUITY, filed in the Superior Court on September 20, 1930, under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the obligation of the defendant Car & General Assurance Corporation, Ltd., under a policy of motor vehicle liability insurance issued to the defendant Antone N. Rego, the owner of the automobile insured.

The suit was heard by *C. H. Donahue,* J., upon an agreed statement of facts. Material facts are stated in the opinion. By order of the judge, a final decree was entered dismissing the bill. The plaintiff appealed. The defendant Car & General Assurance Corporation, Ltd., alleged exceptions, and stated in its brief that they need not be considered if this court should affirm the final decree.

No argument nor brief for the plaintiff.

*J. E. Lajoie,* for the defendant Car & General Assurance Corporation, Ltd., submitted a brief.

LUMMUS, J. The plaintiff obtained judgment in this Commonwealth against the defendant Rego in an action of tort for bodily injuries sustained by the plaintiff while she was riding in the State of Rhode Island in an automobile driven by the defendant Rego. The defendant insurance company insured the defendant Rego under the Massachusetts compulsory motor vehicle liability insurance act, and for an additional premium also gave him an "extra-ter-

ritorial coverage endorsement" insuring him against liability for accidents in other territory including Rhode Island. The accident in this case was not covered by the Massachusetts compulsory policy, for it did not occur upon "the ways of the Commonwealth." G. L. (Ter. Ed.) c. 90, § 34A. It was not covered by the indorsement, for although the plaintiff was receiving a free ride as a guest, the defendant Rego was using the automobile at the time of the accident for "the carrying of passengers for a consideration," and by the terms of the indorsement he was not insured while so doing. The rights of the plaintiff under the indorsement depend upon those of Rego, and since he was not insured against liability to the plaintiff there was nothing for her to reach by her bill in equity under G. L. (Ter. Ed.) c. 175, §§ 112, 113, and c. 214, § 3 (10). *Mathews* v. *Bloomfield,* 246 Mass. 510. *Kana* v. *Fishman,* 276 Mass. 206. *Sontag* v. *Galer,* 279 Mass. 309. *Goldberg* v. *Preferred Accident Ins. Co. of New York,* 279 Mass. 393.

The decree dismissing the bill must be affirmed. Consequently the exceptions of the defendant insurance company become immaterial, and are expressly waived.

*Decree affirmed.*