DAVID WAINER *vs.* MORRIS WEINER & others.

Bristol.    October 22, 1934. — October 25, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Insurance*, Liability.

A plaintiff, who had recovered judgment for bodily injuries, caused by negligent operation of a horse and wagon, against one insured against such liability, sought to compel the insurer to satisfy the judgment by a suit in equity under G. L. (Ter. Ed.) c. 175, § 113; c. 214, § 3 (10). It appeared that the policy contained a provision requiring the insured, "upon the occurrence of an accident however trivial it may appear and irrespective of whether any personal injury or property damage is apparent," to give the insurer "immediate" notice, but that the insured, although he learned of the accident to the plaintiff on the day when it occurred, did not give notice to the insurer for over two months. The bill was dismissed. *Held*, that the dismissal was proper: the liability of the insurer to the plaintiff was dependent upon its liability to the insured.

BILL IN EQUITY, begun by a writ of summons and attachment dated August 30, 1932, and filed in the Superior Court on October 3, 1932.

The suit was heard by *Hanify*, J. The judgment against the defendants Weiner and Baker was for damages sustained by the plaintiff by reason of negligent operation of a horse and wagon by the defendants. Material facts found by him are stated in the opinion. A final decree was entered dismissing the bill. The plaintiff appealed.

*W. B. Perry, Jr.*, for the plaintiff.

*J. F. Cavanagh*, for the defendant General Accident Fire and Life Assurance Corporation, Limited.

RUGG, C.J. This is a suit in equity under G. L. (Ter. Ed.) c. 175, § 113; c. 214, § 3 (10), to compel the application to a judgment recovered by the plaintiff against the defendants Weiner and Baker, in an action for bodily injuries, of a policy of insurance issued to them by the defendant General Accident Fire and Life Assurance Corporation Ltd., against loss arising from such injuries. The policy

contained this clause: "The assured upon the occurrence of an accident however trivial it may appear and irrespective of whether any personal injury or property damage is apparent, at the time of the accident, shall give immediate written notice thereof with the fullest information obtainable at the time to the Corporation's Head Office at Philadelphia, Pa., or to its duly authorized agent." The pivotal question is whether there was compliance with this clause.

The trial judge found these to be the facts: The policy was issued by the insurer and was in full force and effect on June 15, 1923. On the morning of that day the plaintiff was injured in Boston by being thrown from a wagon of the defendants Weiner and Baker, where he was inspecting apples, by reason of some movement of the horses attached to the wagon. He was taken in an ambulance to the Boston City Relief Station where it was found that he had suffered a fractured patella. Less than an hour later, against advice, he was taken by automobile to a hospital in New Bedford, where he lived. The defendant Weiner was standing by at the time of the accident, saw the plaintiff on the wagon and later saw him lying on the street, and was informed by others that the plaintiff had been injured, although he did not see the fall. Weiner did not report the accident to the insurer because he did not think it serious enough after getting report from the relief station that the plaintiff went home. The defendant Baker was told in the early afternoon of June 15, 1923, that the plaintiff was injured by being thrown from the wagon; he was acquainted with the plaintiff and knew that he lived in New Bedford. No written notice of the accident was given by Weiner and Baker to the insurer until August 21, 1923. On September 27, 1923, the insurer notified the insured that it disclaimed any liability arising from the accident because of their neglect to furnish it with notice of the accident "forthwith after you yourself possessed such knowledge of such injury." The plaintiff recovered judgment against the defendants Weiner and Baker which remains unsatisfied.

It is plain that there was no compliance with the provision in the policy as to notice. The insured did not act

with reasonable promptness in the circumstances. *Everson v. General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169, 174. *Greenough* v. *Phoenix Ins. Co. of Hartford,* 206 Mass. 247, 249. *Wilcox* v. *Massachusetts Protective Association, Inc.* 266 Mass. 230, 237. *Friedman* v. *Orient Ins. Co.* 278 Mass. 596, 599. The case is indistinguishable from *McCarthy* v. *Rendle,* 230 Mass. 35, 39. The liability of the insurer to the plaintiff is in all the circumstances dependent upon its liability to the insured. *Lorando* v. *Gethro,* 228 Mass. 181, 185. *Sontag* v. *Galer,* 279 Mass. 309, 312. The trial judge rightly ruled that the insured failed to give immediate notice of the accident and that this failure to comply with the condition of the policy of insurance relieved the insurer of liability.

*Decree dismissing the bill affirmed with costs.*