GLADYS PHILLIPS *vs.* LOUIS G. STONE & another.

Suffolk.   February 1, 2, 1937. — May 26, 1937.

Present: RUGG, C.J., PIERCE, FIELD, & LUMMUS, JJ.

*Insurance*, Motor vehicle liability, Notice, Waiver. *Notice. Waiver. Estoppel.*

One who had recovered a judgment for personal injuries sustained on private land against the owner of an automobile insured against such liability could not maintain a suit under G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3 (10), to reach and apply the obligation of the insurer if the insured had not complied with the conditions of his

policy as to notice of the injuries, and the insurer had not waived and was not estopped to assert his noncompliance.

Evidence, that one insured against liability gave notice to the insurer twenty days after the occurrence of an accident within the policy's coverage and eighteen days after he heard of it, warranted a finding that a provision of the policy requiring that notice be given "as soon as practical after hearing" of an accident was not complied with.

A finding that the insurer under a motor vehicle liability policy had not waived a provision in the policy respecting prompt notice of accidents and was not estopped to rely thereon was warranted on evidence that after tardy notice of an accident the insurer investigated it, meanwhile entering an appearance and filing answers to interrogatories for the insured in an action brought against him, and then, nearly three years before the action was reached for trial, disclaimed liability, gave the insured proper notice thereof and withdrew its appearance in his behalf.

BILL IN EQUITY, filed in the Superior Court on May 31, 1935.

A final decree dismissing the bill was entered by order of *Sisk*, J. The plaintiff appealed.

*N. Loeb,* (*L. G. Loeb* with him,) for the plaintiff.

*W. G. Reed,* for the defendant Employers' Liability Assurance Corporation, Limited.

LUMMUS, J. On September 4, 1931, the plaintiff was hurt by an automobile operated by the son of the defendant Stone. The accident occurred in a driveway on private land, and not on "the ways of the commonwealth." Any resulting liability was not within the compulsory motor vehicle liability insurance act, but if covered by liability insurance was subject to the principle that the injured person acquires no right against the insurer superior to that of the insured owner. If by violation of the terms of the policy the latter has lost his right to indemnity, there is nothing for the injured person to reach. *Sleeper* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 511, 512. *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 436.

After obtaining judgment by default against the defendant Stone, the plaintiff brought this bill in equity under G. L. (Ter. Ed.) c. 175, §§ 112, 113, and c. 214, § 3 (10), to reach and apply to the satisfaction of the judgment the obligation of the defendant insurance company upon its policy of liability insurance. The judge found that the

failure of the defendant Stone to give the defendant insurance company written notice of the accident until twenty days after the accident and eighteen days after he knew of it, was a breach of the condition of the policy that he give such notice "as soon as practical after hearing" of an accident. This finding was warranted if not required. *Harnden* v. *Milwaukee Mechanics' Ins. Co.* 164 Mass. 382, 384. *Smith & Dove Manuf. Co.* v. *Travelers' Ins. Co.* 171 Mass. 357. *Rooney* v. *Maryland Casualty Co.* 184 Mass. 26. *McCarthy* v. *Rendle,* 230 Mass. 35. *Friedman* v. *Orient Ins. Co.* 278 Mass. 596. *Sheldon* v. *Bennett,* 282 Mass. 240, 246. *Wainer* v. *Weiner,* 288 Mass. 250. *Clements* v. *Preferred Accident Ins. Co.* 41 Fed. (2d) 470; *S. C.* 76 Am. L. R. 17 and note.

The remaining question is whether the judge was right in finding that the defendant insurance company has not waived the breach of condition but is still entitled to deny liability because of it. When notified of the accident, the company told the defendant Stone's son, who gave the notice, that "we will go ahead and will investigate this case and after it is investigated we will pass upon it, and in the meantime we will preserve whatever rights you have." On October 29, 1931, the plaintiff brought an action of tort against the defendant Stone for the alleged negligence of his son as his servant. Attorneys for the defendant insurance company entered their appearance for the defendant Stone, and filed answers for him to the plaintiff's interrogatories. But after full investigation the defendant insurance company, on May 31, 1932, disclaimed liability, notified Stone that its attorneys would withdraw from the case, and advised him that it would be necessary for him to have his own counsel appear. Stone did nothing, was defaulted when the case was reached for trial, and suffered judgment against him on February 18, 1935.

In *Daly* v. *Employers Liability Assurance Corp. Ltd.* 269 Mass. 1, an insurer against liability which continued to defend to trial and verdict actions of tort for negligence brought against the insured, after knowledge of a want of coöperation by the insured which entitled the insurer to

repudiate liability under the policy, without notifying the insured that it disclaimed liability or that the insured ought to protect himself in the actions, was held to be precluded from subsequently disclaiming liability when sued for indemnity by the insured or when the plaintiffs in the actions of tort, having obtained judgments, sought to reach and apply the insurance. This result may be rested either on waiver or on estoppel, in appropriate instances. *Palumbo* v. *Metropolitan Life Ins. Co.* 293 Mass. 35, 38. Having led the insured to rely exclusively on its protection during the period when he might have protected himself, an insurer is not allowed to withdraw that protection afterwards. Our decisions have gone no farther. We have never decided that taking some measures in defence of an action against the insured precludes an insurer from subsequently disclaiming liability. In *Goldberg* v. *Preferred Accident Ins. Co.* 279 Mass. 393, the insurer disclaimed liability and withdrew from the defence as the action was nearing trial, and nevertheless was held not liable either to the insured or to the plaintiff obtaining judgment. In *Lunt* v. *Aetna Life Ins. Co.* 261 Mass. 469, assisting the insured in the defence of the actions against him, and taking part by counsel in the trial, were held not to prevent subsequent disclaimer of liability, where the insured was represented by his own counsel at the trial. See also *Novo* v. *Employers' Liability Assurance Corp. Ltd.* 295 Mass. 232; *Sontag* v. *Galer*, 279 Mass. 309, 311, 312; 81 Am. L. R. 1326. A defence of an action of tort against the insured, made under a "nonwaiver agreement" with the insured, has been held not to preclude an insurer from subsequently disclaiming liability. *Liddell* v. *Standard Accident Ins. Co.* 283 Mass. 340. *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 535.

What the defendant insurance company did in the present case was entirely reasonable, and harmless to the defendant Stone. For all that appears the happening of the accident a few feet away from the place of its actual occurrence would have placed it within one of the "ways of the commonwealth," and would have made applicable to the case prin-

ciples under which the defendant insurance company could hardly have escaped liability to the plaintiff. *Warecki* v. *United States Fidelity & Guaranty Co.* 270 Mass. 233, 237. *Royal Indemnity Co.* v. *Perry,* 296 Mass. 149. *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 434, 435. *Dickinson* v. *Great American Indemnity Co.* 296 Mass. 368, 372. The practical course was to investigate the facts and law governing the insurer's liability, and in the meantime to protect the defendant Stone from a default in the action. This was done. No waiver could be ruled to result as matter of law. Neither was there any estoppel. The defendant Stone was benefited, rather than harmed, by what was done. He was given ample opportunity to protect himself when liability was disclaimed.

*Decree affirmed with costs.*