SYLVIA GOLDSTEIN *vs.* SYLVIA BERNSTEIN & another (and three companion cases [1]).

Suffolk.    November 1, 1943. — December 29, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Insurance*, Motor vehicle liability insurance, Disclaimer of liability. *Estoppel. Evidence*, Relevancy and materiality.

Evidence warranted a finding that a failure, by one insured by guest coverage in a policy of motor vehicle liability insurance, to be in court on a day set for trial of an action of tort by a guest against the insured which counsel for the insurance company was defending on the insured's behalf, was a breach of a provision of the policy requiring the insured to coöperate with the company and to attend hearings and trials and assist in the conduct of actions upon its request, where the insured had been requested by the insurer to be so present and had been unequivocally warned of the consequences of such failure; and such breach relieved the company from liability to the guest in a suit in equity for satisfaction of a judgment for him in the action of tort.

The plaintiff, in a suit in equity to enforce guest coverage in a policy of motor vehicle liability insurance in satisfaction of a judgment for personal injuries secured by the plaintiff against the insured in an action of tort, had no right to require the insurer to protect the plain-

---

[1] The three companion cases are by Celia Feingold, Etta Cohen, and George Goldstein against the same defendants.

tiff's rights or to defend the tort action on behalf of the insured; and the insurer was under no obligation to inform the plaintiff when it learned of breach by the insured of a provision of the policy requiring coöperation with the insurer, and was not estopped to rely on such breach in defence of suit in equity.

FOUR BILLS IN EQUITY, filed in the Superior Court on May 14, 1941.

The suits were heard by *Walsh*, J.

*D. Stoneman*, (*S. Thurman* with him,) for the plaintiffs.

*H. D. McLellan*, for the defendant Continental Casualty Company.

RONAN, J. These are four bills in equity brought under G. L. (Ter. Ed.) c. 175, §§ 112, 113; c. 214, § 3 (10), to reach and apply, in satisfaction of judgments recovered by the first three plaintiffs for personal injuries and by the fourth for consequential damages, which arose when the female plaintiffs were injured while riding as guests of the insured in an automobile she was operating on July 23, 1938, the indemnity furnished by the corporate defendant to the insured by a policy which included guest coverage. The plaintiffs appealed from final decrees ordering the bills dismissed as against the insurance company.

One of the conditions of the policy was that the insured should coöperate with the company and, upon the company's request, should attend hearings and trials and assist in the conduct of actions. The company's attorney withdrew from the defence of the four tort actions when they were reached for trial on the ground that the failure of the insured to attend the trial constituted a breach of this condition of the policy and justified it in disclaiming liability. The question here is whether, upon the evidence presented at the hearing of the present suits and the report of the material facts, the judge was plainly wrong in finding that the company had the right on account of the conduct of the insured to disclaim liability under the policy.

At the request of the insured, Mr. Sears, attorney for the company, on February 6, 1941, secured a postponement of the trial of the tort actions until March 1, 1941, in order that she might make a trip to Florida. In answer to her

question as to what would happen if she did not return in time, he directed her attention to the provision of the policy that required her coöperation, and stated that her failure to comply with the policy would give the company a right to disclaim liability. He was later furnished with her Florida address. Counsel conferred on February 28, 1941, and unsuccessfully endeavored to settle the cases. At the request of one of the counsel for the plaintiffs, the trial of the cases was put over until March 6, 1941. Mr. Sears was advised by the clerk of the session in which the postponement was granted that no further continuances would be allowed. Mr. Sears, on February 28, 1941, wrote the insured that the cases would be in order for trial on March 6, 1941, and that she must be present at the opening of the trial. The insured's husband telephoned Mr. Sears on March 3, 1941, that she would return on March 7. He was told she must be here on March 6. She wrote a letter to Mr. Sears under the date of March 3, 1941, which he received on March 4, 1941, that the earliest train reservation she could secure would enable her to reach Boston in the early evening of March 7. He sent her a telegram on March 4 that she must be present at the start of the trial on March 6 or the company would disclaim liability. She replied by telegram on March 4 that timely return was possible only by plane and that "if worth your while wire two reservations" as she was not well enough to travel alone. Mr. Sears received this telegram on March 5, 1941. No reply was made to this telegram. Counsel for one of the plaintiffs, accompanied by Mr. Sears, secured permission on the afternoon of March 5 to have the jury go on a view when the case was reached for trial on the following morning. When the cases were reached for trial on the morning of March 6, 1941, the insured was not present and Mr. Sears withdrew from the cases the appearance of the company's attorneys as counsel for the insured. Counsel for one of the plaintiffs requested the court to empanel a jury for the assessment of damages, and when that was properly refused he then requested that the insured be defaulted. This was done. Subsequently, on March 11, 1941, motions to remove the defaults were denied.

The judge found that the attorneys for the company had no intention of disclaiming liability until the receipt on March 5, 1941, of the insured's telegram advising them that it was possible for her to return on March 6 only if she came by airplane; that it was not unreasonable for counsel to insist on her presence at the empanelling of the jury and for the purpose of conferring with her in reference to the view, the opening by the plaintiffs' counsel and such other matters as might arise thereafter. He also found that, having been repeatedly advised of the necessity of being present at the opening of the trial and the likelihood that the company would disclaim liability if she neglected to coöperate, she failed by her conduct "to coöperate and said failure constituted a material breach of the terms of the insurance contract."

Upon the happening of the accident, which was a risk covered by the policy, the plaintiffs acquired a beneficial interest in the proceeds of the policy and the right, if judgments were entered in their favor in the tort actions, to enforce in their own names the satisfaction of their judgments out of the indemnity furnished to the insured by the company. Their rights in the indemnity, however, were derivative and if, by breach of the provisions of the policy by the insured, the company was discharged from its obligation to indemnify her, it was likewise relieved of any obligation to pay the plaintiffs. It has been said that the rights of the third persons injured to have recourse to the indemnity promised by the company do not rise any higher than those of the insured. *Lorando* v. *Gethro*, 228 Mass. 181. *Cogliano* v. *Ferguson*, 245 Mass. 364. *Souza* v. *Car & General Assurance Corp. Ltd.* 281 Mass. 117. *Sheldon* v. *Bennett*, 282 Mass. 240. *Liddell* v. *Standard Accident Ins. Co.* 283 Mass. 340. *Wainer* v. *Weiner*, 288 Mass. 250. *Blair* v. *Travelers Ins. Co.* 291 Mass. 432. *Phillips* v. *Stone*, 297 Mass. 341. *Klefbeck* v. *Dous*, 302 Mass. 383.

After a cause of action has accrued to the injured persons against the insured, then the parties to the contract of insurance cannot by any release, agreement or collusion destroy the rights of the injured persons in the indemnity.

G. L. (Ter. Ed.) c. 175, § 112. *Lorando* v. *Gethro,* 228 Mass. 181. *Spann* v. *Commercial Standard Ins. Co.* 82 Fed. (2d) 593. *Rushing* v. *Commercial Casualty Ins. Co.* 251 N. Y. 302. *Zimmerman* v. *Union Automobile Ins. Co.* 133 Ore. 600. *Graham* v. *United States Fidelity & Guaranty Co.* 308 Penn. St. 534. *Bachman* v. *Monte,* 326 Penn. St. 289. *Finkelberg* v. *Continental Casualty Co.* 126 Wash. 543.

The judge found that there was no evidence of connivance, and upon the testimony it is plain that there was not the slightest evidence of anything savoring of fraud between the insured and the company. *Goldberg* v. *Preferred Accident Ins. Co.* 279 Mass. 393, 399.

The company had the right to insist upon the performance by the insured of the condition of the policy. The finding that the insured's conduct constituted a breach of the condition of the policy cannot be said to be plainly wrong. That finding is decisive unless, as the plaintiffs contend, the company is estopped to rely upon a disclaimer.

The company was under no affirmative duty to protect the plaintiffs' rights. Its paramount duty was to fulfill its contractual obligation to undertake the defence of these actions and to protect the interests of the insured, which in fact were adverse to those of the plaintiffs. The company was not bound, so far as the plaintiffs were concerned, to defend these actions, *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 421; *Kana* v. *Fishman,* 276 Mass. 206; *Goldberg* v. *Preferred Accident Ins. Co.* 279 Mass. 393, and if the attorneys for the company believed on the afternoon of March 5 that the insured might not appear at the start of the trial, they were not required to disclose that information to the plaintiffs or their counsel. In *Nichols* v. *Pope,* 287 Mass. 244, counsel for the defendant had a case marked "passed," when it appeared upon the trial list, for the reason that the plaintiff had died since the commencement of the action, and then notified the plaintiff's counsel of the death of his client. As a matter of fact, the defendant was also deceased at this time, but the plaintiff's counsel was ignorant of this fact and counsel for the defendant made no mention of it, and later when the plaintiff's counsel attempted to have

the personal representative made a defendant he was barred by the short statute of limitations. G. L. (Ter. Ed.) c. 197, § 9. It was held that there was no duty upon counsel for the defendant to notify counsel for the plaintiff of the death of the defendant in time so that the action would not be barred by the statute of limitations. An insurance company which is defending an action in accordance with a nonwaiver agreement with the insured, of which the plaintiff had no knowledge, is not estopped from disclaiming liability for breach of the conditions of the policy by the insured. *Liddell* v. *Standard Accident Ins. Co.* 283 Mass. 340. *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532. See *Phillips* v. *Stone,* 297 Mass. 341, 344; *Barbeau* v. *Koljanen,* 299 Mass. 329, 331; *Klefbeck* v. *Dous,* 302 Mass. 383, 388. The case is plainly distinguishable from *McLearn* v. *Hill,* 276 Mass. 519.

The insurance company was acting in good faith and was justified in disclaiming liability. The judge properly excluded evidence that counsel for one of the plaintiffs would have been willing to grant a continuance when the case was reached for trial if requested to do so by the attorneys for the insured. The record shows that counsel for another plaintiff requested that the judge assess damages following the default of the insured. The company was not required to request or to assent to a continuance when the insured failed to appear. Such conduct might have later subjected it to a claim of waiver or estoppel. See *Goldberg* v. *Preferred Accident Ins. Co.* 279 Mass. 393, 399.

Upon the findings of the judge, the company was authorized by the insured's conduct to disclaim liability and was not estopped to rely upon this breach of the policy by the insured. The result is that the company had been discharged of its obligation to indemnify the insured, and consequently, as there was nothing that the plaintiffs could reach in satisfaction of their judgments, their bills of complaint as far as the company was concerned were properly dismissed. *Sontag* v. *Galer,* 279 Mass. 309. *Sheldon* v. *Bennett,* 282 Mass. 240. *Wainer* v. *Weiner,* 288 Mass. 250. *Blair* v. *Travelers Ins. Co.* 291 Mass. 432.

*Decrees affirmed.*