ALEXANDRIA POTTER vs. GREAT AMERICAN INDEMNITY
COMPANY OF NEW YORK & another.

Suffolk.   April 3, 1944. — April 29, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Insurance*, Motor vehicle liability insurance, Waiver. *Estoppel. Waiver.*

A failure of the insured to comply with the last sentence of a numbered
condition of the "noncompulsory" coverage in a policy of automobile
liability insurance requiring him, if "claim is made or suit is brought
against" him, to "immediately forward to the" insurer "every de-
mand, notice, summons or other process received by him or his repre-
sentative," prevented one, holding a judgment against the insured for
personal injuries sustained through operation of the automobile, from
enforcing the policy in the absence of waiver of such provision by the
insurer or estoppel of the insurer to rely thereon, even though the
insured may have complied with another provision stated in the same
condition with the foregoing requiring him to give the insurer prompt
written notice of the accident in which such personal injuries were
sustained.

A finding that an insurance company either had waived or was estopped
to rely on a breach by the insured of a condition of a policy of auto-
mobile liability insurance reading: "If claim is made or suit is brought
against the insured, the insured shall immediately forward to the com-
pany every demand, notice, summons or other process received by
him or his representative," was not required by evidence that, at
about the time of the commencement of an action brought against
the insured for personal injuries arising from the operation of the auto-
mobile, the summons in which, although served on the insured, never
was sent to the company as required by the condition, his attorney had
had a talk with the company's adjuster, who told him that the com-
pany was not interested in the case and only wanted a statement
from the insured, which the attorney procured and gave the adjuster;
that there was a talk between the attorney and the company's attorney
some time after the action was entered; and that several months after
the commencement of the action the insured's attorney wrote to the
company giving data respecting the action, to which the company's
attorney replied that the company was not interested in the case.

BILL IN EQUITY, filed in the Superior Court on January
8, 1941.

The suit was heard by *Burns*, J.

The accident which was the basis of the action by the
plaintiff occurred on February 22, 1937.

The condition of the insurance policy referred to in the opinion was as follows: "Notice of Accident — Claim or Suit — Upon the occurrence of an accident written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the name and address of the injured and of any available witnesses. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

*H. I. Berman*, for the plaintiff.

*S. P. Sears*, for the defendants.

WILKINS, J.    This is a bill in equity to reach and apply in satisfaction of a judgment against the defendant Makovsky an alleged obligation of the defendant Great American Indemnity Company of New York, hereinafter called the company, under a policy of automobile liability insurance. See G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3 (10). The case was heard by a judge, and a final decree was entered dismissing the bill as against the company. The plaintiff's appeal brings the case here with a report of the testimony.

From the facts found by the judge (apparently voluntarily, see *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561–562) it appears that by writ dated April 22, 1937, the plaintiff brought an action against Makovsky for "personal injuries by reason of the negligent operation of an automobile"; that on April 24 Makovsky was served with a summons in an action returnable in the District Court of Chelsea which he gave to his attorney, who wrote the plaintiff's attorney requesting a copy of the declaration; that receiving no reply, the attorney for Makovsky went to the court house and made a copy of the declaration; that in August the attorney for Makovsky wrote the company "concerning the pending action"; that the case was removed to the Superior Court, where there was a jury trial in which Makovsky was represented by his attorney and which resulted in a ver-

dict, and later a judgment, for the plaintiff; and that the "assured Makovsky did not comply with the condition imposed upon him in the policy with reference to forwarding immediately to the Insurance Company any summons or process he might receive." A copy of the policy was made part of the judge's findings. This provided: "If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." There were other findings relating to whether the plaintiff, who was a passenger in the automobile, was a domestic servant of Makovsky, and so came within the coverage of the policy, which contained no guest coverage. In the view we take, the only materiality of these findings is that they show that the case does not arise under the Massachusetts compulsory insurance provisions. Hence the company has against the plaintiff any defence it would have against Makovsky. *Sleeper* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 511, 512. *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 436. *Phillips* v. *Stone,* 297 Mass. 341, 342. *Goldstein* v. *Bernstein,* 315 Mass. 329, 332.

The judge's finding that Makovsky did not comply with the requirement of the policy that he should "immediately forward" the summons to the company was required by the evidence. His attorney, called as a witness by the plaintiff, testified that he "never turned the summons over." This was a breach of the contract of insurance, which in the absence of estoppel or waiver relieved the insurer of liability. *Kana* v. *Fishman,* 276 Mass. 206, 210. *Wainer* v. *Weiner,* 288 Mass. 250, 252. It is none the less a breach even though the company may have received prompt written notice of the accident under another condition of the policy. These were separate and distinct undertakings by the insured. See *Kana* v. *Fishman,* 276 Mass. 206, 210. It is not for the plaintiff to assert that the company may not have been prejudiced by failure to receive the summons "immediately" as stipulated.

"The entry of the decree imported a finding of every fact essential to sustain it and within the scope of the pleadings."

*Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561, and cases cited. The finding implied by the decree that there was no estoppel or waiver was not plainly wrong. The company consistently denied liability under the policy. Makovsky's attorney testified that prior to April 26 he had a talk with an adjuster of the company who had told him that the company was not interested in the case, and all that they wanted was a statement from Makovsky, which he prepared and sent to the company; that some time after the declaration was filed and before August 4 he had a talk with an attorney at the company's office; that on August 4 he wrote the company giving written notice of the suit, the number of the case, and stating that one count of the declaration based on ordinary negligence alleged that the plaintiff was in the automobile under a contract with Makovsky to transport her to his home, and that another count alleged gross negligence. To this the attorney in charge of the defendant's claim department in Boston replied that as there was no guest coverage, the company was not interested in the case regardless of the degree of negligence alleged. This was not evidence, if believed, of estoppel. Furthermore, "the insured did not change his position in reliance upon anything said or done by the defendant." *Palumbo* v. *Metropolitan Life Ins. Co.* 293 Mass. 35, 37. Moreover, he "had already forfeited . . . [his] right to rely on the policy by . . . failure to comply with the condition precedent." *Boston Elevated Railway* v. *Maryland Casualty Co.* 232 Mass. 246, 253. Nor was the company estopped through silence or otherwise from setting up by amendment to its answer failure to forward the summons. *Goldstein* v. *Bernstein*, 315 Mass. 329, 334. The record also fails to show waiver. There was no "intentional relinquishment of a known right." See *Nashua River Paper Co.* v. *Lindsay*, 242 Mass. 206, 208. "The burden is upon a plaintiff who contends that the provisions of a policy were waived by the conduct of the agents of the company to prove that those who acted for the defendant had the power to bind it in a way contrary to that contemplated by the policy." *Bogosian* v. *New York Life Ins. Co.* 315 Mass. 375, 380.

*Decree affirmed with costs.*