HUGH O'KANE & another *vs.* THE TRAVELERS INSURANCE COMPANY & others.

Suffolk.    January 8, 1958. — March 7, 1958.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Insurance,* Motor vehicle liability insurance. *Evidence,* Admitted without objection, General objection to admission of evidence.

Evidence admitted without objection was entitled to its probative force. [184]

A general objection and exception to the admission of evidence competent as to one of several parties in the case had no validity. [184]

A suit in equity to reach and apply the obligation of the insurer under the noncompulsory coverage of a motor vehicle liability insurance policy upon an automobile in satisfaction of a judgment for property damage recovered by the plaintiff against an operator of the automobile having the status of an unnamed insured under the policy could not be maintained if such unnamed insured was precluded from recovery on the policy by reason of his breach of the conditions thereof. [184]

BILL IN EQUITY, filed in the Superior Court on August 11, 1955.

The suit was heard by *O'Connell,* J.    There was a final decree in favor of the plaintiffs against the defendants Stewart and The Travelers Indemnity Company.    The defendant The Travelers Indemnity Company appealed.

*Peter D. Cole,* for the defendant The Travelers Indemnity Company.

*Edward J. Barshak,* for the plaintiffs.

RONAN, J.    This is a bill in equity brought by the plaintiffs O'Kane and Anderson against the defendants Piper, Stewart, The Travelers Indemnity Company and The Travelers Insurance Company, to reach and apply under G. L. (Ter. Ed.) c. 175, §§ 112, 113, and c. 214, § 3 (10), the obligation of the noncompulsory provisions of a motor vehicle policy issued by the defendant insurance companies to Piper in satisfaction of judgments against Stewart in

actions brought by the plaintiffs against him by reason of his negligence in operating Piper's automobile.

A single policy was issued by the defendant insurance companies in which each alone assumed the particular risk designated in that part of the policy that it covered. It was agreed between the parties that The Travelers Indemnity Company and not The Travelers Insurance Company covered the damages of the kind sustained by the plaintiffs and the former company will be hereinafter referred to as the insurer.

O'Kane brought an action of tort in a District Court for damage to his automobile against Piper and another against Stewart. Anderson brought a similar action for damage to his property in a different District Court, joining Piper and Stewart in different counts. Those cases were based upon the theory that Stewart was acting as an agent of Piper. The three cases were consolidated and tried together and resulted in judgments in favor of Piper and against Stewart. It is to the satisfaction of the two judgments which the plaintiffs obtained against Stewart that they are attempting to reach and apply the obligation of the policy.

During the hearing of the instant case it became material for the plaintiffs to prove that Stewart was operating Piper's automobile with the permission of the latter. The liability of the insurer was not limited to damages caused by Stewart while acting for Piper within the course of his employment. The company may be liable if Stewart was operating the automobile for a purpose in which Piper had no interest provided Piper authorized him to do so. *Arnold* v. *Jacobs*, 316 Mass. 81. *Sheehan* v. *Goriansky*, 321 Mass. 200. *Crompton* v. *Lumbermens Mutual Casualty Co.* 333 Mass. 160. See also *Dickinson* v. *Great American Indemnity Co.* 296 Mass. 368, 372; *Buckley* v. *Aetna Life Ins. Co.* 297 Mass. 395; *Dufour* v. *Arruda*, 299 Mass. 46; *Hurley* v. *Flanagan*, 313 Mass. 567.

There was evidence that Piper had told Anderson that he had given permission to Stewart to operate the automobile, and there was also evidence that Mrs. O'Kane overheard

Piper make a similar statement at the scene of the accident to a police officer. There was further evidence that about three weeks after the accident Piper went to the police station to change the report of the accident and that he then stated that Stewart had no permission to use his automobile. All this evidence was admitted without objection. This evidence was entitled to its probative force. *Hubbard* v. *Allyn*, 200 Mass. 166, 171. *Douglas* v. *Holyoke Machine Co.* 233 Mass. 573. *Faircloth* v. *Framingham Waste Material Co.* 286 Mass. 320, 325. Various exceptions following general objections were taken in the course of the hearing to the introduction of statements made by Piper that he had given Stewart permission to operate his automobile. A general objection not made in behalf of any single party will not support such an exception. *Solomon* v. *Dabrowski*, 295 Mass. 358. *Commonwealth* v. *Giacomazza*, 311 Mass. 456, 468.

The finding that Stewart was operating Piper's automobile with the express or implied consent of the latter cannot be said to be plainly wrong and consequently Stewart obtained whatever rights the policy gave him as an unnamed insured. However, if he could not recover, those claiming under him cannot prevail. *Sanborn* v. *Brunette*, 315 Mass. 231, 232. *Goldstein* v. *Bernstein*, 315 Mass. 329, 332, and cases cited. *Potter* v. *Great American Indemnity Co.* 316 Mass. 155, 157. *Sweeney* v. *Frew*, 318 Mass. 595, 597. *Williams* v. *Travelers Ins. Co.* 330 Mass. 476, 477. If the rights of the plaintiffs to reach the proceeds of the policy depend upon Stewart's right to do so, they cannot succeed. So far as appears, Stewart never gave the company any notice of the accident nor notice of any claim. He did not send the copy of any summons served upon him in the District Court or in the present proceeding. He was represented by his own counsel in the District Court and the present bill was taken "pro confesso." He did not testify in the District Court nor in the present proceeding. There is no evidence that he ever coöperated with the company. His rights against the company have since vanished. The

plaintiffs cannot reach the policy through him. *Phillips* v. *Stone,* 297 Mass. 341. *Goldstein* v. *Bernstein,* 315 Mass. 329. *Potter* v. *Great American Indemnity Co.* 316 Mass. 155. *Salonen* v. *Paanenen,* 320 Mass. 568. *Williams* v. *Travelers Ins. Co.* 330 Mass. 476. *Gleason* v. *Hardware Mutual Casualty Co.* 331 Mass. 703.

In so far as the plaintiffs are seeking under G. L. (Ter. Ed.) c. 214, § 3 (10), to apply the interests of Piper in the insurance policy they cannot prevail for they are not judgment creditors of Piper.

The final decree must be reversed and a new decree entered ordering Stewart to pay the plaintiffs the amounts due on their respective judgments and dismissing the bill as against Piper and the insurance companies.

*So ordered.*