JOSEPH POLITO *vs.* AMENIO S. GALLUZZO[1] & another.

Suffolk.    December 5, 1957. — April 11, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Insurance,* Disclaimer of liability, Waiver, Estoppel, Motor vehicle liability insurance.    *Waiver.    Estoppel.*

A defence available to the insurer under a policy of noncompulsory motor vehicle liability insurance as against the insured based on breach of the conditions of the policy by the insured was equally available to the insurer as against a judgment creditor of the insured seeking to reach and apply the insurer's obligation under the policy to the satisfaction of the judgment.    [363]

There was a material breach by the insured of a condition of a policy of noncompulsory motor vehicle liability insurance requiring him to coöperate with and assist the insurer in the preparation for trial and trial of actions against him for injuries covered by the policy where it appeared that, while such an action was pending against him, he disappeared without furnishing the insurer any means of reaching him and the insurer was unable by reasonable effort to locate him and secure his attendance at the trial of the action, which resulted in a verdict for the plaintiff; and the insurer was warranted in disclaiming liability under the policy by reason of such breach even though prejudice to it thereby was not shown.    [363–365]

The insurer under a policy of noncompulsory motor vehicle liability insurance, by defending at the trial of an action against the insured for injuries resulting from the operation of the automobile covered by the policy, did not waive its right to disclaim, and was not estopped from disclaiming, liability under the policy by reason of a breach of the conditions thereof by the insured where it appeared that after the commencement of the action the insurer secured from the insured an agreement that any steps taken by the insurer would not be considered to be an admission or assumption of liability or a waiver of its right to disclaim liability, or estop it from disclaiming liability, and that the insured committed a breach of a coöperation clause in the policy when, during the pendency of the action, he disappeared without furnishing the insurer any means of reaching him and the insurer was unable by reasonable effort to locate him and secure his attendance at the trial, which resulted in a verdict for the plaintiff.    [365]

---

[1] A final decree dismissing the bill against Galluzzo was entered on October 19, 1956, and a final decree dismissing the bill against the insurance company was entered on April 2, 1957.

Polito v. Galluzzo.

BILL IN EQUITY, filed in the Superior Court on February 17, 1956.

The suit was heard by *Morton, J.*

*Maurice H. Kramer*, for the plaintiff.

*Bertram A. Sugarman*, (*Edward J. Barshak* with him,) for the defendant London Guarantee &. Accident Co., Ltd.

RONAN, J. This is an appeal from a final decree dismissing a bill against an insurance company to reach and apply the noncompulsory provisions of a liability policy issued by it to Galluzzo to the satisfaction of a judgment which the plaintiff recovered in an action of tort against Galluzzo. We have a transcript of the evidence and a report of the findings made by the judge. See *Seder* v. *Gibbs*, 333 Mass. 445, 446. The policy required the insured to give written notice of an accident as soon as practical; to forward to the insurer immediately all notices and summonses; and to coöperate with and assist the insurer in the preparation and trial of the case.

The plaintiff and his son were riding on May 1, 1953, in Galluzzo's automobile, which he was operating, when the automobile suddenly left the public way and came to a stop against a tree.

The plaintiff's wife and the insured went on May 4, 1953, to the office of one Gallagher, who conducted a general insurance office in Quincy and who evidently issued the policy. The insured narrated the details of the accident which Gallagher in their presence related over the telephone to one Young, at the main office of the insurer, who was the insurer's supervisor in charge of property claims. Before the insured and the plaintiff's wife left, Gallagher gave to the wife a slip of paper on which he had written Young's name and the insurer's address together with the insurer's telephone number.

On July 6, 1953, one Kallis, an employee of the insurance company, interviewed Galluzzo and secured the details of the accident which Kallis wrote down and Galluzzo signed. Kallis gave this statement to Young on the same date. On June 16, 1953, the plaintiff's attorney wrote the defendant

insurance company that he represented the plaintiff and claimed that Galluzzo was "guilty of wilful, wanton and reckless misconduct and gross negligence." Gallagher also wrote the insurance company on two occasions, to wit, April 4, 1953, and July 16, 1953, advising it of the new addresses of Galluzzo. Suit was brought against Galluzzo on September 30, 1953, and counsel for the insurance company entered an appearance for him. A physician for the insurance company examined the plaintiff. In November, 1953, Galluzzo and the insurance company entered into an agreement whereby Galluzzo agreed that any action that might be taken by the company would not be taken as an admission or assumption of liability, or as a waiver of its rights to disclaim, or would not operate by way of estoppel against it. Counsel for the insurance company sent Galluzzo on July 13, 1954, answers to interrogatories which he had prepared for his signature. Galluzzo signed them and returned them to the company. Counsel for the company sent on October 5, 1955, by registered mail, a letter to Galluzzo advising him of the approach of the trial, notifying him that the policy required his aid in the preparation and trial of the case, and advising him to communicate with him. This letter was returned undelivered. Counsel sent an investigator to Quincy to locate Galluzzo. There was nothing to show that the investigator succeeded in finding him. Late in the afternoon of November 2, 1955, the day before the case was reached for trial, counsel sent a constable to summon Galluzzo as a witness. He made a diligent search for Galluzzo, but the judge was not satisfied that the person he summoned was the insured. Anyway the insured did not appear at the trial. It resulted in a verdict for the plaintiff. A motion for a new trial was filed and argued by counsel for the insurance company. The insurance company wrote Galluzzo the outcome of the trial with a formal disclaimer but these letters were returned. The policy besides covering compulsory insurance, so called, also covered liability to guests, and it is under this latter provision of the policy that it is attempted to impose the obligation of

the insurer to pay the plaintiff's judgment, at least up to the amount fixed in the policy. Accordingly, the rights of the plaintiff are derivative from the insured and any defences that the insurer may have against the insured are equally applicable against the plaintiff. The plaintiff's rights against the company rose no higher than those of the insured. *Sanborn* v. *Brunette,* 315 Mass. 231, 232. *Goldstein* v. *Bernstein,* 315 Mass. 329, 333. *Potter* v. *Great American Indemnity Co.* 316 Mass. 155, 157. *Sweeney* v. *Frew,* 318 Mass. 595, 597. *Salonen* v. *Paananen,* 320 Mass. 568, 575. *Williams* v. *Travelers Ins. Co.* 330 Mass. 476, 477. *Crompton* v. *Lumbermens Mutual Casualty Co.* 333 Mass. 160, 165.

Galluzzo was bound to comply with the conditions precedent of the policy unless waived or unless the company was estopped from relying upon them. *Goldstein* v. *Bernstein,* 315 Mass. 329, 333. *Salonen* v. *Paananen,* 320 Mass. 568, 571. This case is not based upon one of the usual causes upon which a lack of coöperation by the insured is advanced by the insurer, such as the failure to give notice of an accident or claim, or to furnish available evidence; or making false statements; or collusion with a plaintiff. *McCarthy* v. *Rendle,* 230 Mass. 35. *Wainer* v. *Weiner,* 288 Mass. 250. *Segal* v. *Aetna Casualty & Surety Co., ante,* 185. The claim here is that the disappearance of the insured without notifying the insurer of his new address or furnishing some method by which he could be reached, constitutes a lack of coöperation and justifies the insurer in disclaiming liability after it has failed by reasonable methods to secure the attendance of the insured as a witness at the trial. So far as appears the insurer had no other available witness on the question of liability. The last communication the company had from Galluzzo was in July, 1954. So far as the insurance company was concerned he virtually disappeared. Here the company had made reasonable efforts to locate him. We think that the disappearance of the insured and his failure to notify the insurer of the change of address were a material breach of the coöperation clause in the policy and warranted

a disclaimer. *Goldberg* v. *Preferred Accident Ins. Co.* 279 Mass. 393. It was said in *Curran* v. *Connecticut Indemnity Co.* 127 Conn. 692, 696, a case where the insured left town without any method of tracing him, "Conduct on the part of an assured which makes it impossible for the insurer to get in touch with him in the face of an impending trial, although diligent search is made for him, could rarely, if ever, be regarded as an unsubstantial or immaterial failure to co-operate." The same result has support in numerous jurisdictions. *Indemnity Ins. Co.* v. *Smith*, 197 Md. 160. *Bauman* v. *Western & Southern Indemnity Co.* 230 Mo. App. 835. *Schoenfeld* v. *New Jersey Fidelity & Plate Glass Ins. Co.* 203 App. Div. (N. Y.) 796. *Shalita* v. *American Motorists Ins. Co.* 266 App. Div. (N. Y.) 131. *Cameron* v. *Berger*, 336 Pa. 229. *Eakle* v. *Hayes*, 185 Wash. 520. *England* v. *Dominion of Canada General Ins. Co.* [1931] O. R. 264. Compare *Heimbecher* v. *Johnson*, 258 Wis. 200.

The finding of the judge that "Although it may have no bearing on the issue, I find that the insurer suffered no detriment in the failure of the insured to appear at the trial" was immaterial and irrelevant and must be disregarded.

The jury returned a verdict which with costs amounted to $5,387.76. What that verdict would have been if the insured had attended the trial and testified was a matter of conjecture and surmise; but, nevertheless, the insurer was wrongfully deprived of whatever benefit it might have derived from his testimony. As was said in *Glens Falls Indemnity Co.* v. *Keliher*, 88 N. H. 253, 260, "Even if the liability of a defendant were admitted or conclusively established, it cannot be doubted that the mental attitude of the jury in assessing damages would be influenced by his unexplained absence from the court room." While this argument is persuasive, we think it only goes to the question whether the breach was substantial. The opinion of Cardozo, C.J., in *Coleman* v. *New Amsterdam Casualty Co.* 247 N.Y. 271, affords the real reason why prejudice need not be shown, where it was said at pages 276–277: "Co-operation with the insurer is one of the conditions of the policy.

When the condition was broken, the policy was at an end, if the insurer so elected. The case is not one of the breach of a mere covenant, where the consequences may vary with fluctuations of the damage. There has been a failure to fulfill a condition upon which obligation is dependent." In *Curran* v. *Connecticut Indemnity Co.* 127 Conn. 692, it was said at page 696, "In determining whether a condition to co-operate has been broken, we are dealing with contract rights, and if there has been a breach, prejudice need not appear." See also *United States Fidelity & Guaranty Co.* v. *Wyer,* 60 Fed. (2d) 856, 859; *Royal Indemnity Co.* v. *Rexford,* 197 Fed. (2d) 83, 86; *Glens Falls Indemnity Co.* v. *Keliher,* 88 N. H. 253, 260–261; *Kindervater* v. *Motorists Casualty Ins. Co.* 120 N. J. L. 373, 377. Compare *Houran* v. *Preferred Accident Ins. Co.* 109 Vt. 258, 272–273.

The final contention of the plaintiff is that the company by reason of its appearance at the trial waived its right to rely on the breach of the conditions of the policy. A company knowing that it possesses sufficient grounds to disclaim cannot pursue the trial to a conclusion and then, an adverse result having been reached at the trial, disclaim liability. *Searls* v. *Standard Accident Ins. Co.* 316 Mass. 606, 609. *Salonen* v. *Paananen,* 320 Mass. 568, 572, and cases cited. *Gleason* v. *Hardware Mutual Casualty Co.* 331 Mass. 703, 708. But unlike *Daly* v. *Employers Liability Assurance Corp. Ltd.* 269 Mass. 1, the insurer here defended under a reservation of rights and there was no way for the insurer to notify the insured of his failure to coöperate. The insured had been unavailable for a considerable period of time when his failure to coöperate culminated in his nonappearance at the trial and it was a serious question whether to withdraw and leave Galluzzo unprotected or try the case and put in a defence. That was a matter of judgment. In these circumstances, the insurer should not be prejudiced. Compare *Birnbaum* v. *Pamoukis,* 301 Mass. 559, 564; *Sanborn* v. *Brunette,* 315 Mass. 231.

We think there was no waiver or estoppel. *Kana* v. *Fishman,* 276 Mass. 206. *Goldberg* v. *Preferred Accident*

*Ins. Co.* 279 Mass. 393. *Phillips* v. *Stone,* 297 Mass. 341. *Potter* v. *Great American Indemnity Co.* 316 Mass. 155. *Sweeney* v. *Frew,* 318 Mass. 595. *Gleason* v. *Hardware Mutual Casualty Co.* 331 Mass. 703.

The final decree was right in dismissing the bill as against the insurance company.

*Decree affirmed.*