WILLIAM B. BUCKLEY *vs*. AETNA LIFE INSURANCE
COMPANY & others.

Suffolk.    April 9, 1937. — June 1, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Insurance*, Motor vehicle liability.    *Bailment*.

The proprietor of a parking space, authorized by the owner of an automobile insured under a compulsory motor vehicle liability insurance policy to drive it around within the space so far as necessary to allow other automobiles to get out, was a "person responsible" for its operation under G. L. (Ter. Ed.) c. 90, § 34A, when an attendant for that purpose moved it to an adjoining public way and negligently parked it there; and was entitled to be indemnified by the insurer against liability under a judgment against him for personal injuries resulting from such negligence.

BILL IN EQUITY, filed in the Superior Court on February 21, 1936.

The suit was heard by *Hanify*, J., by whose order a final decree was entered directing the defendant insurance company to pay to the plaintiff $2,162.59 and costs. That defendant appealed.

*H. W. Hardy*, (*G. Petersen* with him,) for the defendant Aetna Life Insurance Company.

*G. S. Alberts*, for the plaintiff.

LUMMUS, J.    The defendant General Trading Company owned and operated a parking place for automobiles bounding on Bowdoin Street in Boston, a public way. The defendant Cunningham was its servant.    The defendant Sarah C. Hall owned an automobile, and was insured by the defendant Aetna Life Insurance Company under the Massachusetts compulsory motor vehicle liability insurance law.    G. L. (Ter. Ed.) c. 90, § 34A.    It is agreed that on October 29, 1934, Sarah C. Hall "gave her daughter-in-law, Marguerite A. Hall, permission to use the . . . automobile, to drive to Boston, and to park in a private parking space if she wanted to, and to allow the attendant

to drive the car around within the parking space so far as necessary to allow other automobiles to get out." Marguerite A. Hall left the automobile in the care of the defendant General Trading Company within its parking place, with implied consent to drive it therein, paid the parking charge, and went away.

The defendant Cunningham, coming on duty later as attendant at the parking place, drove Mrs. Hall's automobile out of the parking place and stopped it at a point on Bowdoin Street where parking was prohibited. He did this to make room for an automobile in the middle of the parking place to get out. After he had returned to the parking place to relieve the congestion further, Mrs. Hall's automobile started, coasted down Bowdoin Street, and hurt the plaintiff. He obtained judgment in tort for negligent personal injury against Cunningham and the General Trading Company. He then brought this bill, under G. L. (Ter. Ed.) c. 175, §§ 112, 113; c. 214, § 3 (10), to reach and apply in satisfaction of the judgment the obligation of the defendant Aetna Life Insurance Company under the compulsory liability policy issued to Sarah C. Hall. From a decree for the plaintiff the insurer appealed.

That policy, as required by G. L. (Ter. Ed.) c. 90, § 34A, provided indemnity, not only to the insured but also to "any person responsible for the operation of the insured's motor vehicle with his express or implied consent," against loss by reason of the liability to pay damages to others for bodily injuries "arising out of the ownership, operation, maintenance, control or use upon the ways of the commonwealth of such motor vehicle." In *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 434, it was said that earlier cases had "settled that a statutory policy of insurance such as this must be construed broadly to effectuate the legislative purpose that automobiles actually permitted to be on the public ways be covered by indemnity insurance for the benefit of persons who may suffer personal injury through their operation; that the bailee of an automobile becomes 'responsible' to the owner for its operation; and that the required 'consent' is consent to the bailment, not consent

to the particular use which is being made of the automobile at the moment of the accident."

In the present case, the bailment to the General Trading Company was designed to keep the automobile wholly off the public ways. There is nothing to show that either the owner or her daughter-in-law authorized or contemplated its removal from the parking place to Bowdoin Street.

But the General Trading Company and Cunningham as its servant were authorized, as the parties agreed, to operate the automobile within the limits of the parking place. They thus became "responsible for the operation of the insured's motor vehicle with his [her] express or implied consent," within G. L. (Ter. Ed.) c. 90, § 34A. The case of *Novo* v. *Employers' Liability Assurance Corp. Ltd.* 295 Mass. 232, where the bailment to the operator was without the consent of the owner, does not apply. The statute does not by its terms require that the responsibility, consented to by the insured, be for the operation of the automobile upon the ways of the Commonwealth or in any other place. It requires only that the insured consent to responsibility on the part of the person, against whom judgment is obtained, for the operation of the automobile somewhere, and that the judgment be based upon an operation or use of the automobile "upon the ways of the commonwealth." In *Dickinson* v. *Great American Indemnity Co.* 296 Mass. 368, 370, it did not appear that the owner authorized the operation of the motor vehicle anywhere on the occasion in question. We think that the fact that Cunningham, as servant of the General Trading Company, operated the automobile beyond the limits set and on a public way, has no more effect than a violation of the terms of the bailment had in *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, *Guzenfield* v. *Liberty Mutual Ins. Co.* 286 Mass. 133, *Boudreau* v. *Maryland Casualty Co.* 287 Mass. 423, or *Blair* v. *Travelers Ins. Co.* 288 Mass. 285.

*Decree affirmed with costs.*