BLANCHE DUFOUR *vs.* ANTHONY C. ARRUDA & others.

FLORENCE DUFOUR *vs.* SAME.

JEANETTE DUFOUR *vs.* SAME.

Bristol.   October 26, 1937. — December 17, 1937.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Insurance,* Motor vehicle liability.   *Bailment.*

One who had general permission from the owner of a motor truck to use it to help a third person, properly was found to have been "a person responsible for" its operation with the owner's consent within the owner's policy of compulsory motor vehicle insurance on a certain occasion when, after the third person had borrowed the truck from the owner without anything being said about him, he accompanied the third person as on previous occasions, and drove the truck after the third person had forbidden his doing so.

THREE BILLS IN EQUITY, filed in the Superior Court on March 31, 1936.

The cases were heard by *Brogna,* J.

The cases were submitted on briefs.

*T. F. O'Brien,* for the defendant Hartford Accident and Indemnity Company.

*H. E. Clarkin & M. A. Goldberg,* for the plaintiffs.

LUMMUS, J.   The defendant insurance company issued to the defendant Arruda a compulsory motor vehicle liability insurance policy under G. L. (Ter. Ed.) c. 90, § 34A,

covering his motor truck. The defendant Andrade operated that truck negligently on a public highway in this Commonwealth on Sunday, August 18, 1935, and injured the several plaintiffs. They obtained judgments against Andrade, and later brought these bills under G. L. (Ter. Ed.) c. 175, §§ 112, 113, and c. 214, § 3 (10), to compel the insurer to satisfy the judgments. The plaintiffs obtained decrees against the insurer, and the latter appealed.

The only question is whether the defendant Andrade was within the protection of the policy as a "person responsible for the operation of the insured's motor vehicle with his express or implied consent," under G. L. (Ter. Ed.) c. 90, § 34A. The reported decisions do not quite reach the facts of the present cases. *Boyer* v. *Massachusetts Bonding & Ins. Co.* 277 Mass. 359. *Johnson* v. *O'Lalor*, 279 Mass. 10. *Moschella* v. *Kilderry*, 290 Mass. 62. *Novo* v. *Employers' Liability Assurance Corp. Ltd.* 295 Mass. 232. *Dickinson* v. *Great American Indemnity Co.* 296 Mass. 368. *Buckley* v. *Aetna Life Ins. Co.* 297 Mass. 395. *Bresnahan* v. *Lumbermens Mutual Casualty Co.* 297 Mass. 555.

Andrade worked on week days for Arruda, helping him conduct a retail liquor package store under the name of Whistle Bottling Company. Andrade not only worked in the store, but also took care of the motor truck and made deliveries with it. He had general permission from Arruda to use the truck to go to and from his house and to do personal errands, and also on Sundays for his own pleasure. Often on Sundays and also on week days he used the truck, with the general permission of Arruda, to help Arruda's father-in-law, one Mendes, who conducted a soda water business next door under the same name Whistle Bottling Company, deliver soda water at picnic grounds. Sometimes Andrade drove, and sometimes Mendes.

On the Sunday in question, Mendes asked Arruda for the keys to the truck, as he wished to use it in delivering soda water at a picnic. Arruda gave him the keys in the presence of Andrade, and nothing was said as to whether Andrade was to accompany Mendes or not. Andrade did accompany him, and each drove part of the time. At the picnic, Andrade

got drunk, and Mendes, having occasion to leave him in the truck, forbade him to operate it. As soon as Mendes was out of sight, Andrade started the truck, drove it upon a public highway, and injured the plaintiffs.

If we should look upon Mendes as the exclusive bailee of the truck for the Sunday in question, and the only source of authority on the part of Andrade to operate it, it would be hard to find that Andrade became "responsible for the operation of" the truck with the "express or implied consent" of Arruda, in the face of the express prohibition of Mendes. But Mendes appears to have taken the truck on the Sunday in question under the usual conditions which involved consent to its operation by Andrade as well as by Mendes. There was nothing in the terms of the bailment to Mendes that suspended the general permission given to Andrade to use the truck and to help Mendes with it. The operation of the truck by Andrade, though forbidden by Mendes, was properly found to be with the implied consent of Arruda. In each case the entry will be

*Decree affirmed with costs.*