NICHOLS & CO., INC. *vs.* THE TRAVELERS INSURANCE
COMPANY & another.

Suffolk.    November 9, 1961. — January 25, 1962.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Insurance,* Motor vehicle liability insurance.   *Motor Vehicle,* Operation.
*Words,* "Operation," "Responsible."

Under a motor vehicle liability insurance policy on a truck obligating the
insurer to indemnify the insured against liability to pay damages to
others for bodily injury caused by the "use" of the truck, including
"unloading thereof," and providing that the "insured" included any
person "responsible for the operation of the motor vehicle with the
express or implied consent of the named insured," use of the truck in
unloading bales of wool from it at the place of business of a consignee
thereof was "operation of the motor vehicle," but employees of the con-
signee who merely stood on the ground and pointed out to the named
insured's truck driver on the truck the bales to be delivered and picked
them up when he threw them down were not persons "responsible" to
the named insured for the operation of the truck, so that they and the
consignee were not unnamed insured persons within the coverage of the
policy.

BILL IN EQUITY, filed in the Superior Court with a writ of
summons and attachment dated March 21, 1955.

The suit was reserved and reported by *Lurie,* J., without
decision.

*Bertram A. Sugarman,* (*Edward J. Barshak* with him,)
for the plaintiff.

*David W. Kelley,* for the defendants.

WILLIAMS, J.   This is a bill under G. L. c. 231A for a
declaratory decree that the plaintiff is an unnamed insured
of a motor vehicle liability insurance policy issued by
the defendant The Travelers Insurance Company to one
Thomas L. Barron under which the plaintiff seeks to be in-
demnified against liability resulting from an accident on
June 9, 1954, to the defendant Alice P. Higgs.

Mrs. Higgs received personal injuries when she was struck by a bale of cashmere wool which was being unloaded from a tractor trailer of Barron's for delivery to the plaintiff at its place of business at 95 Bridge Street, Lowell. She brought an action of tort against Barron, his employee James M. Lowe, and the plaintiff. Travelers provided counsel for Barron and Lowe, and The Century Indemnity Company, which had issued a comprehensive general liability policy to the plaintiff, provided counsel for the plaintiff. At the trial of the action Mrs. Higgs waived a count against Lowe and a count for consequential damages. The jury returned verdicts against both Barron and the plaintiff. Thereafter the case was settled for $12,000, each insurance company paying one half of that amount. They stipulated that the settlement should not affect their rights in the present suit.

It is agreed that the accident to Mrs. Higgs happened in the manner presented by the evidence in the tort action as herein summarized. "Nichols occupied a portion of a building adjacent to 95 Bridge Street, Lowell. On June 9, 1954, James Lowe, the truck driver for Barron, parked the tractor-trailer unit, of Barron, containing a load of bales of wool and cashmere belonging to Nichols, adjacent to the building occupied in part by Nichols. Lowe was alone on the tractor-trailer, was stationed on top of the wool bags in the trailer for the purpose of pushing or tossing the bags of wool onto the ground where they were to be picked up by employees of Nichols and brought into the building where the wool was to be scoured by a company which had arranged to do that scouring for Nichols. There were four or five employees of Nichols on the ground arranged roughly in the form of a semi-circle around the portion of the truck from which Lowe was to unload the bags of wool. There were three different lots of wool destined for Nichols, and one of the employees of Nichols, who was standing on the ground, directed Lowe as to which lot he wanted tossed down. Lowe located that lot in the trailer portion of the truck. That lot consisted of bags of cashmere wool which

weighed two hundred and eighty-nine pounds per bag. Each bag measured five feet by three feet by three feet. One of the employees of Nichols, who was standing in the semi-circle on the ground, called to Lowe to push the bag over the side. Lowe did so and, while the bag was falling, one or more of the employees of Nichols yelled: 'hold it.' The bag struck Mrs. Higgs before it reached the ground. Mrs. Higgs was walking on Bridge Street to get to her place of employment. Bridge Street was used by many persons to reach either their places of employment or other buildings located on the street. There was no warning given to persons using the street either by Lowe or by any of the employees of Nichols, except for the physical presence of the employees of Nichols in the semi-circle around the truck and the presence of the truck itself loaded with bags of wool and with Mr. Lowe standing on top of them. Mrs. Higgs was injured by the bag of wool which landed on her.''

The trial judge instructed the jury that Lowe could be found to be negligent if he should have seen Mrs. Higgs and failed to do so, and that Barron could be found liable if Lowe was negligent. He also instructed the jury that the employees of Nichols could be found to be negligent ''if they should have provided warning to persons who might come along but failed to do so,'' and that Nichols could be found liable if they found that the employees of Nichols who were present in the semi-circle, or any of them, were negligent.

The present suit was at the request of the parties reserved and reported without decision upon the bill, the answer of Travelers and the statement of agreed facts.

Travelers admits in its answer that the tractor trailer involved in the described accident was a motor vehicle described in its policy, a copy of which is annexed to the statement of agreed facts.

The policy provided for the statutory compulsory insurance under a clause designated ''Coverage A'' and for optional insurance affording a broader coverage to the amount of $25,000 for one accident under a clause designated ''Cov-

erage B.'' It is conjectural, from the reported evidence in the tort action, whether the accident to Mrs. Higgs occurred on a public way and we are concerned only with the right of the plaintiff to indemnity under Coverage B. The obligation of Travelers under Coverage B was ''To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the motor vehicle.'' Under that coverage use of the vehicle in the business of the insured ''includes the loading and unloading thereof.''

The injuries sustained by Mrs. Higgs were caused by an accident (see *Sheehan* v. *Goriansky,* 321 Mass. 200, 205) arising out of the use of Barron's motor vehicle in the process of unloading the bales for delivery to Nichols. Under the terms of its policy Travelers was obliged to indemnify against resulting liability such persons as it had insured.

The policy provided that ''insured'' under Coverage B, ''includes the named insured and also includes any other person responsible for the operation of the motor vehicle with the express or implied consent of the named insured.''

The process of unloading the bales was incidental to their transportation and we think that the use of the truck in such unloading was ''operation of the motor vehicle'' within the meaning of the policy. *Commonwealth* v. *Henry,* 229 Mass. 19. *Cook* v. *Crowell,* 273 Mass. 356, 358. *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440, 445. *Blair* v. *Boston Elev. Ry.* 310 Mass. 1, 3. *Diggins* v. *Theroux,* 314 Mass. 735, 737.

The question for decision is whether the employees of the plaintiff were persons responsible to Barron for such operation with his express or implied consent. It was held in *O'Roak* v. *Lloyds Cas. Co.* 285 Mass. 532, 536, 538, that the words '' 'express or implied consent' primarily modify not the word 'operation' but the word 'responsible.' . . . They imply a possession of the motor vehicle with consent

of the owner and responsibility to him. . . . Responsibility for operation of the motor vehicle accompanying possession conferred by the owner is the test, not whether the particular operation was with the express or implied consent of the owner." Acc. *Guzenfield* v. *Liberty Mut. Ins. Co.* 286 Mass. 133, 136–137. *Boudreau* v. *Maryland Cas. Co.* 287 Mass. 423, 425. *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 434. *Dickinson* v. *Great American Indem. Co.* 296 Mass. 368, 372. *Buckley* v. *Aetna Life Ins. Co.* 297 Mass. 395, 397. *Hurley* v. *Flanagan,* 313 Mass. 567, 571–572.

The only person who had possession of the truck was Lowe. The employees of the plaintiff never had possession nor did they attempt to exercise any control over it. Their activities were limited to pointing out the bales to be delivered and standing ready to pick up the bales when thrown down by Lowe. . It is immaterial that to this extent they participated in the process of unloading. They did not thereby become responsible to Barron for the operation of the truck. It follows that they are not unnamed insured persons under Coverage B. The plaintiff's rights are not superior to those of its employees. Let a final decree be entered declaring that the plaintiff is not an insured under the policy issued to Barron and that The Travelers Insurance Company is entitled to its costs.

*So ordered.*