436                                           356 Mass. 436

Hemingway Bros. Interstate Trucking Co. v. Great American Indemnity Co.

HEMINGWAY BROTHERS INTERSTATE TRUCKING COMPANY
*vs.* GREAT AMERICAN INDEMNITY COMPANY & another.

Suffolk.   October 9, 1969. — December 1, 1969.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Insurance,* Motor vehicle liability insurance.   *Motor Vehicle,* Leased vehicle.

One who hired a tractor to haul his trailer under a lease agreement with the owner of the tractor providing that the lessor and his employees should not be deemed to be agents or employees of the lessee and giving the lessee no control over the tractor-trailer other than "to designate freight . . . to specify routes . . . and to indicate destination of freight" was not "responsible for the operation of" the tractor-trailer within a motor vehicle liability insurance policy issued to the lessor designating him as named insured and providing that "the unqualified word 'insured' includes the named insured and also includes any other person responsible for the operation of the motor vehicle with the express or implied consent of the named insured," and was not an "unnamed insured" nor covered by the policy when an accident involving the tractor-trailer occurred while an employee of the lessor was operating it.

CONTRACT.   Writ in the Superior Court dated February 25, 1958.

The action was heard by *Mitchell, J.,* on an auditor's report.

*Michael A. Prendergast,* for the plaintiff, submitted a brief.

*Mark A. Michelson* for the defendants.

SPIEGEL, J.   In this action of contract the plaintiff seeks to recover for the amount of judgments rendered against it, and counsel fees incurred by it, in actions of tort arising from a motor vehicle collision involving a trailer owned by the plaintiff.   It seeks this recovery against the defendant Great American Indemnity Company (Great American) as "an additional or omnibus insured" under a motor vehicle liability policy issued by Great American.[1]

Initially the case was tried before an auditor.   The case

---

[1] The trial judge ordered judgment against the other defendant, John A. Norris, who took no exceptions.   The only defendant we are here concerned with is Great American.

356 Mass. 436                                                            437

Hemingway Bros. Interstate Trucking Co. v. Great American Indemnity Co.

was subsequently heard by a judge of the Superior Court "at which time the parties agreed that the Findings of Fact in the Auditor's report may be considered final."

The plaintiff filed a number of requests for rulings. The judge, without specifically passing upon any of them, made "Findings of Fact, Rulings of Law" favorable to Great American and stated that "an appropriate [o]rder . . . [should] enter."[2] The case is here on the plaintiff's exceptions to the denial of its requests for rulings[3] and the denial of its motion for a new trial.

We state the facts. On March 12, 1951, the plaintiff and John A. Norris, Great American's insured, entered into an agreement whereby Norris leased a tractor to the plaintiff to haul its trailer from New York City to Portland, Maine. Under the terms of the agreement, the lessor, his agents or employees were not to be construed as the agents, employees or representatives of the lessee. Nothing in the agreement was to be construed as giving the lessee any jurisdiction or control over the vehicles, other than "to designate freight to be handled, to specify routes over which the carrier is permitted to operate . . . , and to indicate destination of freight." Under another provision of the agreement, the lessor stipulated that the sum agreed upon for the leasing of the equipment would constitute full payment for all expenses incurred in the operation of the equipment. The agreement further provided that the lessee was not to be held liable for any loss or damage to the tractor during the term of the lease. Finally, the agreement provided that the lessor would maintain the tractor in good mechanical condition and comply with the safety provisions of each State through which the vehicles would travel as well as with the safety regulations of the Interstate Commerce Commission.

On March 13, 1951, in Shrewsbury, Massachusetts, while the plaintiff's trailer "was being hauled by [the] tractor, owned by the defendant . . . Norris . . . and operated by

---

[2] We treat this as an order for judgment for Great American.

[3] We are aware of the fact that in an action upon a report of an auditor whose findings are final, a judge need not pass upon requests for rulings of law. *Howland* v. *Stowe*, 290 Mass. 142, 145–146.

one of Norris' employees [Joseph Murphy]" an accident occurred, which resulted in several suits being brought and judgments being rendered against the plaintiff. The plaintiff paid the amounts due under these judgments.

The plaintiff contends that it is entitled to recover these amounts as an "omnibus insured" under the policy issued by Great American to Norris, the named insured in the policy. That portion of the policy here relevant, Part I, Coverage A, definitional clause (1), reads as follows: "The unqualified word 'insured' includes the named insured and also includes any other person responsible for the operation of the motor vehicle with the express or implied consent of the named insured."

Since the plaintiff does not assert that it has any rights against Great American because of a judgment against Norris, Great American's insured, the plaintiff's sole right to recovery depends on rights granted under the policy in question. The plaintiff does not claim to be a "named insured," but relies on its status as an "insured" because it was "responsible for the operation of the motor vehicle with the express or implied consent of the named insured." We discern no basis for the plaintiff's statement that the auditor found that "at the time of the accident, the plaintiff was operating . . . Norris' tractor as lessee under a lease entered into between them." The auditor merely set out the terms of the lease which provided that the lessee (plaintiff) should have only limited jurisdiction and control over the tractor, and that the lessor (Norris) would furnish the driver required to operate the vehicle. Therefore, it was not the plaintiff, but Norris, who was "responsible for the operation of the motor vehicle."

The language in definitional clause (1) of the Great American policy was incorporated from G. L. c. 90, § 34A, as amended through St. 1935, c. 459, § 2, and has come to have an explicit connotation in the Commonwealth. In O'Roak v. Lloyds Cas. Co. 285 Mass. 532, 536-537, we said, "The significant words in the quoted statute . . . are that 'indemnity' is afforded to 'any person responsible for the

operation' . . . 'with . . . express or implied consent.' . . . Those words do not convey the thought of consensual relationship . . . . They imply a possession of the motor vehicle with consent of the owner and responsibility to him. . . . They mean . . . that indemnity exists and continues when responsibility for operation in the first instance was imposed by the owner of the motor vehicle upon the person receiving actual possession of it. . . . 'Responsible' in this connection refers to a motor vehicle in the physical possession of another and means liable . . . or under a bounden duty for its proper use in accordance with the terms upon which possession has been delivered." The plaintiff certainly does not fall within this definition. We agree with Great American's assertion that, "Indeed it seems plain that . . . [the lease] agreement was drafted . . . precisely to avoid making . . . [the plaintiff] responsible for the operation of the vehicle."

The agreement evidences no assent by Norris to place the responsibility for the tractor's operation on the plaintiff. See *Buckley* v. *Aetna Life Ins. Co.* 297 Mass. 395, 397; *Hurley* v. *Flanagan,* 313 Mass. 567.

The tractor remained in Norris' possession during the entire period when the agreement was in force. Further, the tractor-trailer combination was also in the possession and control of Norris through his employee. The plaintiff never had possession or attempted to exercise control. The plaintiff's only activity was limited under the terms of the agreement "to designate freight . . . to specify routes . . . and to indicate destination of freight." See *Nichols & Co. Inc.* v. *Travelers Ins. Co.* 343 Mass. 494, 498. In these circumstances it is clear that the plaintiff is not an "unnamed insured" under the policy in question. There was no error in the denial of the requests.

In view of our determination of the plaintiff's status we perceive no need to discuss its several other contentions.[4]

*Exceptions overruled.*

---

[4] The plaintiff did not argue its exception to the judge's denial of its motion for a new trial. In any event, there was no abuse of discretion.