MARJORIE J. MORRISON & another *vs.* FRED T. LEWIS & another.

Middlesex.    October 6, 1966. — November 8, 1966.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Insurance,* Disclaimer of liability, Motor vehicle liability insurance.

In the circumstances, there was a breach by the insured of the "cooperation" clause in a motor vehicle liability insurance policy through great difficulty encountered by the insurer's counsel in locating and communicating with the insured during the pendency of an action against him for personal injuries sustained by guests riding in his automobile covered by the policy and through his eventual failure to attend the trial of the action; the insurer was justified at the time of trial in disclaiming liability under the policy pursuant to a previous reservation of the right to disclaim; and the injured guests were not entitled to enforce the "guest coverage" of the policy in satisfaction of judgments obtained by them against the insured in the action. [390]

In a suit in equity to enforce a policy of motor vehicle liability insurance in satisfaction of a judgment obtained against the insured, the contents of certain court records examined by the insurer's counsel were relevant and material in the circumstances to show good faith and diligence of the insurer, which had disclaimed liability under the policy. [391]

BILL IN EQUITY filed in the Superior Court on April 9, 1963.

The suit was heard by *Ponte, J.*

*Charles F. Nayor (Nachman S. Cohen* with him) for the plaintiffs.

*Salvatore F. Stramondo (Herbert E. Cummings* with him) for the defendant Aetna Casualty and Surety Company.

REARDON, J. The plaintiffs, who hold unsatisfied executions against the defendant Lewis (the insured) for injuries sustained while guests in an automobile owned and operated by Lewis, brought this bill in equity against the defendant insurance company (the company) to reach and apply its obligation under guest coverage provisions in a policy issued to the insured. The company alleged that it is not answerable to pay on the executions because of the insured's failure to comply with the terms and conditions of the policy, and denied that it has waived or is otherwise estopped to assert them. The plaintiffs appealed from a final decree dismissing the bill. Upon the plaintiffs' request, the trial judge made a report of material facts. The evidence is reported. The pertinent facts are as follows.

The plaintiffs were injured when the automobile in which they were riding left the road and hit a tree. The policy issued by the company to the insured contained certain conditions which provided in part as follows: "The insured shall cooperate with the Company and upon the Company's request attend hearings and trials and assist in making settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. . . . No action shall lie against the company unless as a condition precedent thereto the insured shall have fully complied with all the terms of this policy." The insured filed

a seasonable report of the accident with the company and the writ served upon him was turned over to it. The attorneys for the company first experienced considerable difficulty in locating the insured in order to frame and file answers to interrogatories which had been propounded by the plaintiffs. A series of letters was sent to the policy address, and at one point the company retained a special investigator in order to find the insured. A number of letters seeking him were also sent to his brother in New York. The company was forced to obtain three extensions of time to answer the interrogatories. In September, 1959, after a period of four months of effort, the insured finally appeared at the office of the company's counsel in Boston and answered the interrogatories, at which time he gave a Florida address.

On June 14, 1960, the company's counsel forwarded a letter to the insured at the Florida address notifying him that the case was about to come up for trial in the Middlesex Superior Court. There was also enclosed a stamped self-addressed card on which he might indicate his availability for trial and the telephone numbers where he might be reached. In July of 1960, after the insured had received this notice, he was briefly in New York, came to Massachusetts, stayed one day and returned to New York, without communicating with the company or its trial counsel. On July 11, the company's counsel dispatched three telegrams to the insured at the policy address, at the Florida address, and at the address of his brother in New York. These stated that the case was scheduled for trial on July 13, and his attendance was necessary. The only telegram delivered was that to the brother. The insured did not reply, nor was he present at the Middlesex Superior Court on July 13, 1960. On that day the company's counsel wrote to him "on the authority and instruction of the insurer," asserting that nothing had been heard from him as to his attendance at trial, and further stating, "You are hereby advised that any action hereafter taken by us or by Aetna Casualty and Surety Company concerning these claims and this litigation

will be taken under full reservation of all rights under the
policy to disclaim any liability thereunder because of any
violation by you of the terms of the policy.'' The insured
responded to this letter six days later by telephone from
California to trial counsel. He was told that the case would
come up again sometime in September. He refused to tell
counsel where he was living or working or how he could be
reached, although several times during the conversation
counsel urged him to establish a direct line of communica-
tion. The insured told counsel to get in touch with him in
care of his son who was then living in Wellesley. In the
conversation the insured said that he did not want to come
to Massachusetts because of domestic litigation with his
wife and various other suits which were pending against
him.

On or about September 1, 1960, counsel was notified that
the case would be on the auditor's list for September. On
September 13, counsel wrote the insured in care of his son
at Wellesley, indicating that the case would be up for trial
''in the very near future'' and asking the insured to ''con-
tact him immediately.'' On September 23, the insured
called trial counsel and again refused to disclose where he
was living or working or how trial counsel could reach him
directly. He reiterated his fear of coming to Boston in the
face of the litigation brought against him, although trial
counsel, who had checked Probate and Superior Court rec-
ords, assured him that his divorce proceedings were con-
cluded. On September 28, the clerk's office of the Mid-
dlesex Superior Court notified counsel that the case was
scheduled for trial the next day. He thereupon sent two
telegrams to the insured, one to the policy address and the
second in care of his son. The telegrams, which were iden-
tical, stated that the case was called for trial for the next
day, that the insured's attendance was essential, and that
the company would disclaim and withdraw unless he did
attend the trial. Trial counsel received a telephone call
from the insured's son acknowledging receipt of the tele-
gram. On September 29, the insured did not appear at the

trial. Opportunity was given to counsel for the plaintiffs to have the case assigned for a special future date, but he stated that he would prefer an immediate default. The case was then assigned to an auditor. The insured was paged over the public address system in the Middlesex Superior Court. A search was conducted at the Court House for the insured, without result, whereupon trial counsel for the company withdrew his appearance for the insured. On the following day, the company dispatched a letter to the insured informing him that it disclaimed all responsibility to satisfy any judgments which the plaintiffs might recover against him.

The judge found that the company and its trial counsel "acted at all times with due diligence and good faith in seeking to have the insured comply with the terms and conditions of the policy of insurance." He further found that the insured violated the conditions of the policy by his failure to coöperate, and by his failure to attend the trial. In his opinion there was a due reservation of rights by the company under the policy by the letter of July 13, 1960 (*Salonen* v. *Paananen,* 320 Mass. 568, 573–574), and the company waived none of them nor was it estopped from asserting them. He found also that the plaintiffs had "failed to sustain the burden of proving that the insured had complied with the conditions precedent to bringing an action under the policy . . .."

The finding of the judge is amply supported by the evidence which we have reviewed and cannot be said to be plainly wrong. Throughout the course of the litigation against him arising from the accident the insured proved to be extremely difficult to locate, notwithstanding the efforts made in good faith by the company and its counsel to keep in touch with him. His lack of coöperation can only be described as sufficiently substantial and material to entitle the company to make the formal disclaimer which it did. No purpose would be served by further review of the cases contained in our reports dealing with this type of situation. Reference is made to *Polito* v. *Galluzzo,* 337 Mass. 360, which collects them.

There is no merit in three exceptions argued by the plaintiffs. The first two exceptions deal with letters properly excluded because of immateriality and irrelevancy. The third exception deals with a denial of a motion to strike the admission of the contents of various court records consulted by the company's attorney. As the evidence was material to show the good faith and diligence of the company the judge was not bound to strike it out. *Commonwealth* v. *Mercier,* 257 Mass. 353, 370. *Nelson* v. *Hamlin,* 258 Mass. 331, 341.

*Decree affirmed.*