NAOMI FOSHEE vs. INSURANCE COMPANY OF NORTH AMERICA
& another.

Suffolk.    April 9, 1971. — May 10, 1971.

Present: TAURO, C.J., SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Insurance*, Motor vehicle liability insurance, Disclaimer of liability,
Waiver, Estoppel. *Waiver. Estoppel.*

In a suit in equity to reach and apply the noncompulsory coverage of a
policy of motor vehicle liability insurance in satisfaction of a judgment
obtained by the plaintiff against the insured, warranted findings by
the trial judge that the insured committed a material breach of the
coöperation clause of the policy in not keeping the insurer informed of
his address or how he might be located and in not appearing at the trial
of the plaintiff's action against him, whereupon the insurer disclaimed
liability under the policy and the insured was defaulted, that the
insurer exercised due diligence and good faith in attempting to locate
the insured, and that there was no conduct by the insurer sufficient to
constitute a waiver of its rights under the policy or an estoppel against
its assertion thereof justified a final decree dismissing the bill.

BILL IN EQUITY filed in the Superior Court on December
29, 1967.

The suit was heard by *Tisdale, J.*

*Enoch O'Donnell Woodhouse, II,* for the plaintiff.

*Joseph W. Lobdell* for Insurance Company of North
America.

TAURO, C.J.   We have before us an appeal from a final
decree dismissing a bill in equity to reach and apply the
noncompulsory coverage of a motor vehicle insurance policy
issued by the defendant Insurance Company of North
America (the insurer) to the other defendant Roosevelt
Robinson (the insured).   The plaintiff, a guest in the in-
sured's car, brought an action against him for personal in-
juries.   When, after several continuances, the action was
reached for trial in the Municipal Court of the City of

Boston, to which it had been transferred from the Superior Court, the insured did not appear in spite of several written communications to him at all known addresses. The insurer's counsel withdrew his appearance and a default was entered. The insured was duly notified of the insurer's disclaimer of liability under the policy. Later the insured appeared at the Municipal Court of the City of Boston without counsel (probably after receiving notice of assessment of damages) and had the default removed, and after a hearing on the merits there was a finding for the defendant. The plaintiff had the action retransferred to the Superior Court, where a default was later entered upon failure of the insured to appear on the trial date.

The trial judge concluded that "the insured failed to cooperate with the insurer . . . that such failure was a material breach of the cooperation and assistance clause contained in . . . [the] policy . . . that the insurer was warranted in disclaiming . . . that there was no waiver by the insurer (or by . . . [its] counsel) of . . . any provision in . . . [the] policy." The policy provided, "[T]he insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits . . . and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses." [1]

We find no error in the action of the judge in dismissing the bill. "Where the obligation which a plaintiff seeks to reach arises out of noncompulsory insurance . . . any defence available to the insurer against the insured is also available against the plaintiff, for the plaintiff stands in the shoes of the insured." *Imperiali* v. *Pica,* 338 Mass. 494, 497–498. See *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 436, and cases cited; *Salonen* v. *Paanenen,* 320 Mass. 568, 575. It is well settled that an insurer may terminate its liability under a policy if the insured commits a material

---

[1] The policy also provided, "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy."

breach of the coöperation clause. *Imperiali* v. *Pica, supra,* at 498–499. This court has held that great difficulty encountered by insurer's counsel in locating and communicating with the insured during the pendency of an action against him constitutes a lack of coöperation and justifies the insurer in disclaiming liability after it has failed by reasonable methods to secure the attendance of the insured as a witness at the trial. *Polito* v. *Galluzzo,* 337 Mass. 360. *Morrison* v. *Lewis,* 351 Mass. 386. *Peters* v. *Saulinier,* 351 Mass. 609.

The judge found that the insured committed a material breach of the coöperation clause in not keeping the insurer informed of his address or how he might be located and in not appearing in the Municipal Court of the City of Boston for trial. The judge further found that the insurer exercised due diligence and good faith in attempting to locate the insured and that there was no conduct by the insurer sufficient to constitute a waiver of its rights under the policy or an estoppel against its assertion thereof. We cannot say that the findings of the judge are plainly wrong. *Morrison* v. *Lewis, supra,* 390. See *Polito* v. *Galluzzo, supra,* 365–366.

There is no merit to the plaintiff's contention that Rule 121 of the Superior Court (1954) made ineffective the withdrawal of the appearance of the insurer's counsel for the insured. *Peters* v. *Saulinier, supra,* 614–615.

*Decree affirmed.*