JOHN HANCOCK PROPERTY AND CASUALTY INSURANCE COMPANY *vs.* DAVID H. SCANNELL.[1] No. 04-P-499. September 16, 2005. *Insurance,* Motor vehicle insurance. *Words,* "Household member."

This appeal presents a question of interpretation of the term "household member," as used in a Massachusetts automobile insurance policy. The background facts, as established at trial, are that the policyholder, David H. Scannell (Scannell), owned a Massachusetts automobile insurance policy, sixth edition, with uninsured motorist limits of $250,000 per person, $500,000 per accident. The policy listed Scannell's residence as 540 Hancock Street, Quincy, and the principal place for garaging of the insured vehicle as 210 Pleasant Street, Weymouth, a residence owned by Scannell and his wife, Barbara.[2] The policy did not list any individual other than Scannell as an authorized operator of the insured automobile.

On June 25, 1996, Scannell's thirty-nine year old son, David C. Scannell (David C.), was severely injured when he was struck by an uninsured automobile while riding his bicycle. At the time of the accident, David C. lived at 210 Pleasant Street, Weymouth, with his mother, Barbara Scannell, Scannell's wife. Scannell sought and received the policy limits for personal injury protection (PIP) benefits and the policy limits for medical payments benefits for David C. in accordance with the policy. Scannell then sought the policy limits of uninsured motorist benefits for David C.

Due to some discrepancies in the claim information, the insurer began an investigation. The investigation revealed sufficient information to establish that Scannell no longer lived at 210 Pleasant Street, Weymouth, and did not garage the insured automobile at that residential address.[3] The insurer then

---

[1]Individually and as guardian of David C. Scannell. Barbara Scannell was substituted as guardian upon the death of David H. Scannell.

[2]Scannell sought to establish that he had two residences, one at 210 Pleasant Street and a second in Charlestown, where he moved after living at 540 Hancock Street, Quincy. The Quincy address was a residential address he had used prior to the Charlestown address, and he had not changed the residential address on the policy at any time after moving to Charlestown.

[3]There was evidence that the defendant and his wife had separated pursuant to court order in November, 1992, when he was forced to vacate the marital home at 210 Pleasant Street in Weymouth. The court order requiring him to leave 210 Pleasant Street, Weymouth, was never vacated. The defendant then applied for and obtained emergency

commenced the present action for declaratory relief, also alleging that the defendant fraudulently misrepresented where he lived and where his vehicle was garaged and that he was in breach of contract for failing to cooperate with the insurer's investigation. In addition, the insurer sought repayment of the PIP benefits and medical payments benefits it had paid on behalf of David C. The defendant, individually and as guardian for the son, answered and counterclaimed for a declaration of rights and for damages for violation of G. L. c. 176D and G. L. c. 93A; breach of contract; and deceit.

After a jury trial on the insurer's claims for fraud, misrepresentation, and breach of contract, the jury awarded damages to the insurer in the amount of the payments it had made for PIP benefits and medical payments.[4] In an advisory verdict on Scannell's claim for violation of G. L. c. 93A, however, the jury found that the insurer's investigation violated G. L. c. 93A.

The insurer made a motion for judgment notwithstanding the verdict on the G. L. c. 93A claim. The judge allowed the motion and also ordered that judgment enter pursuant to the jury verdict for the insurer on the fraud and misrepresentation claims; made findings and declared that the insurer did not owe Scannell any benefits pursuant to the uninsured motorist provision in the policy because David C. was not a member of Scannell's household and because Scannell made material misrepresentations to the insurer; and ordered judgment for the insurer on the c. 93A claim.[5]

On appeal, Scannell argues that there was sufficient evidence for the judge to determine as matter of law that Scannell had more than one residence and that 210 Pleasant Street, Weymouth, was one of his residences. Scannell also argues that the judge erred when she declared that the insurer did not owe him uninsured motorist benefits as she relied on the jury's determination that the insured automobile was not garaged at the Weymouth address.[6] Scannell additionally urges this court to accept the advisory jury verdict on his G. L.

---

housing in a Federally subsidized housing complex in Quincy, where he lived from 1992 until 1995. In September, 1995, the defendant submitted the application for the insurance policy at issue listing as his residential address the Quincy address, but the principal place of garaging as the 210 Pleasant Street, Weymouth, address. In November, 1995, the defendant applied for emergency housing in Charlestown, where he lived from 1995 until his death in 2001. Between 1992 and 1997, the defendant did not live with his son.

[4]In answer to special questions, a Superior Court jury found that the defendant made misrepresentations to the insurer concerning the principal place of garaging his motor vehicle; that the defendant breached the insurance contract by failing to cooperate with the insurer and by submitting information to the insurance company that he knew to be false and with the intent to defraud in order to obtain PIP benefits, medical payment benefits, and uninsured motorist benefits; and that the insurer's damages were $33,001. The defendant did not appeal from the jury determination.

[5]The record does not contain a copy of the judgment. See Mass.R.A.P. 18(a), as amended, 378 Mass. 940 (1979). We discern the contents of the judgment from the judge's order for judgment.

[6]Scannell also argues that the judge erred when she ruled that Scannell's misrepresentation on the policy application and noncooperation in the investigation voided the auto insurance policy and that the judge did not rule specifically whether David C. was entitled to the compulsory uninsured motorist benefits despite Scannell's misrepresentations. Compare *Hanover Ins. Co.* v. *Leeds*, 42 Mass. App. Ct. 54, 57 (1997) ("A misrepresentation in an application for insurance will enable the insurer to

c. 93A claim and seeks remand for an assessment of damages pursuant to the statute. In deciding this case, the analysis in *Metropolitan Prop. & Cas. Ins. Co.* v. *Morel*, 60 Mass. App. Ct. 379, 382-384 (2004), is instructive, although that case construes a personal excess liability insurance policy rather than an automobile insurance policy.

*Household member.* Scannell challenges the judge's ruling that David C. was not a member of his household for the purposes of insurance coverage. The parties do not dispute that David C. lived at 210 Pleasant Street in Weymouth with his mother. The issue presented here is whether Scannell also resided at 210 Pleasant Street in Weymouth. If Scannell lived at 210 Pleasant Street, then David C. would be a "household member" within the meaning of the policy.

The policy defines "household member" as "anyone living in your household who is related to you by blood, marriage or adoption." On the application for the policy, Scannell listed his residence as 540 Hancock Street, Quincy. At no time prior to David C.'s accident did Scannell notify the insurer of a change of residence.

When Scannell purchased the Massachusetts automobile insurance policy, he listed Weymouth as the principal place of garaging for the insured vehicle. He listed his residence as 540 Hancock Street, Quincy.[7] Scannell was no longer living at 540 Hancock Street; he had moved to Charlestown and, in addition to renting an apartment in Charlestown, he rented a parking space for his automobile at an additional charge of seventy-five dollars per month.

Scannell attempted to minimize the significance of these facts by testifying at his deposition that he retained, in turn, the Quincy apartment and subsequently the Charlestown apartment for business purposes and as temporary residences while undergoing treatment for cancer. His medical records, obtained by the insurer after filing this lawsuit, substantiated that at the time of his treatments he was no longer living at 210 Pleasant Street, Weymouth, and, on one occasion, was only permitted back to that residence for the immediate time following his treatment. Further investigation established that Scannell, although listed on the deed to 210 Pleasant Street, did not contribute financially to the upkeep of the residence, did not vote in Weymouth, and did not garage the insured automobile in Weymouth.

"[I]t is possible, in some circumstances, to have a residence in more than one place at the same time." *Metropolitan Prop. & Cas. Ins. Co.* v. *Morel*, 60 Mass. App. Ct. at 382. However, after reviewing the evidence, we conclude that this is not the case here. "In this case, . . . we are presented with the [following] situation: it was the adult child who remained in the family home, and it was the named insured who established a residence elsewhere. Thus, the salient question is not whether [David C.] was sufficiently dependent to remain a member of the [Scannell] household; it is whether [Scannell,] having

avoid the policy if the misrepresentation was made with actual intent to deceive, or it is material"). See *Foshee* v. *Insurance Co. of N. America*, 359 Mass. 471, 472 (1971). We do not reach the argument as there were no benefits available to David C. because he was not a "household member" of Scannell's household.

[7]The insurer's investigation established that just after David C.'s accident, Scannell had sought to change his residence on the policy to 210 Pleasant Street with the change effective back to the date of David C.'s accident.

established a residence elsewhere, nevertheless retained responsibility, financial and otherwise, for the home and family from which he was separated." *Id.* at 384 n.8. See *Vaiarella* v. *Hanover Ins. Co.*, 409 Mass. 523, 529 (1991). Unlike the insured in *Metropolitan Prop. & Cas. Ins. Co.* v. *Morel, supra,* Scannell did not retain these kinds of responsibility and, in fact, had been ordered to leave 210 Pleasant Street, Weymouth, in 1992. Accordingly, we discern no error in the judge's findings and order for declaratory judgment on this count.

*General Laws c. 93A.* It necessarily follows from what we have already said that the insurer did not violate its duty pursuant to G. L. c. 176D, and did not incur c. 93A liability. The insurer, in the course of investigating the claim for uninsured motorist benefits, was put on reasonable notice that the insured had misrepresented his residence and principal place of garaging the vehicle. In these circumstances, the insurer could properly initiate this declaratory judgment action. See *Boston Symphony Orchestra, Inc.* v. *Commercial Union Ins. Co.*, 406 Mass. 7, 15 (1989).

*Judgment affirmed.*

*Robert E. Kelley* for the defendant.

*Andrew M. Stern* (*Audrey C. Parr* with him) for the plaintiff.