NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-450

ALISON METCALFE

vs.

ARBELLA MUTUAL INSURANCE COMPANY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal originates from a judgment in a personal injury action against Steven Martin (Steven),[1] under which he was ordered to pay Alison Metcalfe $300,000.  Because Steven was unable to satisfy this judgment, Metcalfe brought an action against Arbella Mutual Insurance Company (Arbella) to indemnify him.  Steven did not have an insurance policy in his name with Arbella.  Instead, Metcalfe's suit alleged that Steven was covered by an insurance policy that Elizabeth Martin (Elizabeth), Steven's grandmother, held with Arbella.  After a bench trial, a Superior Court judge found that Steven, at the

_____

[1] We will refer to the Martins by their first names to avoid confusion.

time he injured Metcalfe, was a resident of Elizabeth's household and thus an insured person entitled to policy coverage. The judge ordered Arbella to indemnify Steven and pay Metcalfe the $300,000. Arbella appeals from this judgment, and we reverse.

Elizabeth held two insurance policies with Arbella at the time Steven injured Metcalfe. One policy covered Elizabeth's property in Ludlow (Ludlow policy), and the other covered her property in East Longmeadow (East Longmeadow policy). The Ludlow policy is a dwelling policy, i.e., it covers liability for insured members for injuries which accrue or arise on the property covered. The East Longmeadow policy is a homeowner's policy, i.e., it covers liability for insured members under the policy, regardless of where the alleged injury occurred. It is undisputed that the injury to Metcalfe did not occur on or arise on the Ludlow property. Thus, the Ludlow policy cannot be used to indemnify Steven against Metcalfe. Therefore, the only policy at issue is the East Longmeadow policy and the question before us is whether Steven is covered by this policy.

"The interpretation of an insurance policy is a question of law for the trial judge and the reviewing court." Sullivan v. Southland Life Ins. Co., 67 Mass. App. Ct. 439, 442 (2006). See Chow v. Merrimack Mut. Fire Ins. Co., 83 Mass. App. Ct. 622, 625

2

(2013).  Thus, we review de novo the trial judge's determination of whether Steven is an "insured" under the East Longmeadow policy.[2]  See Upper Cape Realty Corp. v. Morris, 53 Mass. App. Ct. 53, 58 (2001).  See Metropolitan Prop. & Cas. Ins. Co. v. Morel, 60 Mass. App. Ct. 379, 382 n.5 (2004) (question of who qualifies as "insured" under policy is legal question).

The East Longmeadow policy defines those who are covered by the policy as the named insured and "residents of [their] household."  Neither the policy nor our case law provides a definition of "resident" or "household," and we resolve the

_____

[2] Metcalfe claims that we should give deference to the judge's determination that Elizabeth's household included Steven and set this determination aside only if found to be clearly erroneous.  We disagree.  The Supreme Judicial Court has held that the resolution of the question of whether someone was a member of an individual's household in a particular factual setting "is a question of law."  Vaiarella v. Hanover Ins. Co., 409 Mass. 523, 526 (1991).  Furthermore, our case law states that interpretation of an insurance contract is a pure question of law and thus reviewed de novo.  Zurich American Ins. Co. v. Medical Props. Trust, Inc., 494 Mass. 382, 386-387 (2024).  Metcalfe cites to Dorchester Mut. Ins. Co. v. Miville, 491 Mass. 489 (2023) (Miville), and United States Bank N.A. v. Village at Lakeridge, LLC, 583 U.S. 387 (2018) (Lakeridge), to support her argument that we should review the judge's determination of who is an "insured" here under the standard we generally use to review findings of fact.  We disagree as the Supreme Judicial Court in Miville actually reviewed the interpretation of an insurance contract de novo and did not give deference to the trial judge's interpretation of the legal implications of the policy.  Miville, supra at 493-494.  Additionally, Lakeridge is not on point, as it addresses review of mixed questions of fact and law.  Lakeridge, supra at 395-397.

issue as a matter of law on a case-by-case basis. Vaiarella v. Hanover Ins. Co., 409 Mass. 523, 526-527 (1991). As Steven is not the named insured on the policy, the question is whether he is considered a "resident of [the] household" of the named insured, which here is Elizabeth. Metcalfe claims, and the judge agreed, that when applying the factors set forth in Vaiarella, Steven is a resident of Elizabeth's household and subject to insurance coverage. We disagree.

In Vaiarella, the Supreme Judicial Court set forth several factors to consider when deciding whether someone is an insured under an insurance policy, where the definition of "insured" is ambiguous. Vaiarella, 409 Mass. at 526-530. Those factors include: (1) whether the individual has an established connection to the named insured's household; (2) whether the individual uses the same address as the named insured for matters such as receiving mail, registering a car, or applying for a driver's license; (3) in the case of an accident, whether the individual went to the named insured's household after the accident; (4) whether the individual has a financially dependent relationship with the named insured; and (5) the subjective intent of the individual to become a member of the insured's household. See id. See also Morel, 60 Mass. App. Ct. at 383.

4

At oral argument, Metcalfe conceded that the only Vaiarella factor that is present here is financial dependency. We agree. There is little to no established connection between Steven and Elizabeth. Even though Steven is Elizabeth's grandson, he spoke to or saw Elizabeth just once in the years surrounding 2016, when the injury to Metcalfe occurred.[3] Elizabeth also did not claim Steven as a dependent on her 2016 taxes. Additionally, Steven did not receive mail at the East Longmeadow address nor did he have a car registered to the East Longmeadow address or a driver's license with the East Longmeadow address.

Elizabeth bought the Ludlow property to help Steven's family. Although she asked Steven's parents to pay $600 per month in rent, they were frequently unable to do so, and she never tried to collect that unpaid rent. Elizabeth paid the mortgage, the real estate taxes, and the water and sewer bills. To this extent, she provided financial support for Steven and his parents.

At the time Steven injured Metcalfe, he was residing at the Ludlow property and had been since 1998, except for a brief

---

[3] The judge found the minimal interaction between Elizabeth and Steven as possibly attributable to his substance use disorder, and not due to a breakdown in their relationship or lack of intention in having a familial relationship. Where there was no testimony or evidence put forth to support this finding, we do not credit it. See Jablonski v. Casey, 64 Mass. App. Ct. 744, 747 (2005).

5

incarceration period and a four-month period, several years prior, when Steven lived with Elizabeth at the East Longmeadow address. There was no evidence that Steven had any intention to move to the East Longmeadow address. Elizabeth did not provide any other financial support for Steven.

Nevertheless, Metcalfe argues that while the only factor present here is financial dependency, this factor alone is sufficient to find that as a matter of law, Steven was a part of Elizabeth's household and covered under the East Longmeadow policy. We disagree.

First, the weight given to financial dependency is lessened in the case of relatives for whom there is no legal responsibility to provide financial support. Vaiarella, 409 Mass. at 529. Here, Elizabeth had no legal responsibility to provide for Steven.

Second, we disagree with Metcalfe's assertion that the instant case is akin to Morel, 60 Mass. App. Ct. at 379. In Morel, we addressed whether an individual resided in his father's household, for purposes of an insurance contract, where the father lived apart from the family home. Morel, 60 Mass. App. Ct. at 380. We concluded that he did, finding relevant that the father was frequently present at the family home, he received his mail at the family home, he regularly performed

6

significant household tasks there, and he had a significant financial responsibility for his wife and sons who resided there.  Id. at 383-384.

Several material facts present in Morel are missing here. Steven did not frequently visit the East Longmeadow address, nor did Elizabeth frequently visit the Ludlow address.  Steven did not receive mail at the East Longmeadow address, and Elizabeth did not receive mail at the Ludlow address.  Steven did not perform significant household tasks at the East Longmeadow address, and likewise for Elizabeth at the Ludlow address. While Elizabeth, like the father in Morel, did financially support Steven with housing, this factor, as mentioned above, is weakened when there is no legal responsibility to provide financial support.

At oral argument, Metcalfe asserted that while the question of who is an "insured" under the Vaiarella analysis is decided on a case-by-case basis, financial dependency acts as a "trump card" in these types of cases.  Accordingly, she claims that this single, and in this case, weakened factor established as a matter of law that Steven is a household member.  In support of this contention, Metcalfe again cites Morel and argues that financial dependency was "the basis" for our determination that

7

the adult child was a member of his father's household as defined in an insurance policy. We disagree.

Contrary to Metcalfe's claim, financial dependency was not the sole basis for our holding in Morel that an adult son was a member of his father's household. Rather, as noted above, we weighed several factors to reach that determination. We held that the son was a household member in the insured's house because the son lived at the relevant address, received mail there, kept his belongings there, and his father remained actively involved with the family at that address. See Morel, 60 Mass. App. Ct. at 383-384.

Furthermore, had the Supreme Judicial Court thought that financial dependency outweighed other factors, they would have said as much. They did not. See Vaiarella, 409 Mass. at 529. Instead, in Vaiarella, the court addressed five nonexclusive factors and did not state, nor even suggest, that economic dependence is a "trump card" over the other factors. See Vaiarella, supra. No published case in this jurisdiction that addressed this same issue has amended the analysis to suggest that financial dependency deserves significantly more weight than the other factors. See, e.g., Sister Thattil v. Dominican Sisters of Charity of Presentation of the Blessed Virgin, Inc., 415 Mass. 381, 387 n.11 (1993); John Hancock Prop. & Cas. Ins.

Co. v. Scannell, 64 Mass. App. Ct. 906, 908-909 (2005); Morel, 60 Mass. App. Ct. at 383. Indeed, had the Supreme Judicial Court intended financial dependency to significantly outweigh the other factors, as Metcalfe suggests, much of the court's analysis in Vaiarella would be superfluous. Vaiarella, at 527-529. We do not read Vaiarella in such a way. Cf. Donis v. American Waste Servs., LLC, 485 Mass. 257, 266 (2020).

Having reviewed the material facts, we conclude that Steven, as a matter of law, is not a member of Elizabeth's household and not insured under the East Longmeadow policy. See Vaiarella, 409 Mass. 529-530. Accordingly, the judgment is reversed, and the matter is remanded to the Superior Court for entry of a declaration consistent with this memorandum and order.

So ordered.

By the Court (Meade,
 Desmond & Wood, JJ.[4]),

Clerk

Entered: January 15, 2026.

---

[4] The panelists are listed in order of seniority.